## DESHLER v. CABINESS.

1. An admission of the correctness of an account, before the statute of limitations has created a bar, postpones the operation of the statute three years longer.

Error to the Circuit Court of Franklin.

ASSUMPSIT by the defendant, against the plaintiff in error, on an open account.

Pleas, non-assumpsit and the statutes of limitations, of three and six years.

On the trial, the plaintiff proved the account, the last item of which was due more than three years before the commencement of the suit, and also proved that the defendant within three years, admitted the correctness of the account, but said he had off sets to a small amount, but did not promise to pay the account. Whereupon the defendant moved the court to charge the jury, that the above proof was not sufficient to take the case out of the statute of limitations of three years, but a positive promise to pay the account was necessary. This the court refused, and charged the jury that if they be-

Deshler v. Cabiness.

lieved the defendant admitted the correctness of the account as above stated, it took the case out of the statute of limitations; to which the defendant excepted, and which he now assigns as error.

Townes, for plaintiff in error.

1. The bill of exceptions specifically *negatives* a promise to pay the account sued on.

2. A mere admission of "the correctness of an account," admits the items to be properly charged, but is not an acknowledgement of a subsisting liability.

3. An admission of the *correctness* of an account, without a *promise* to pay, does not remove the bar of the statute of limitations. [1 Ala. R. 488; 8 Ib. 353; 8 Cranch, 72; 11 Wheat. 309; 1 Peters, 361; 6 Ib· 93; 3 Bing. 329.]

4. If the facts set forth in the bill of exceptions amount to an admission of liability, a promise to pay cannot be *inferred*, because it is distinctly *denied* in the bill of exceptions.

5. The court should have left the jury to *infer, or not to infer* a *new* promise; and should not have charged directly that the case was taken out of the statute. [See cases above referred to; also, 12 Moore, 515.]

Noor, contra.

In actions *ex contractu*, any expression which amounts to an admission that a debt is due, or liability exists at the time, takes a case out of the statute of limitations, and revives the original cause of action—such an acknowledgement is equal to an implied promise to pay, &c. [4 Por. 225; 8 Cranch, 72; 11 Wheat. 309; 15 John. 3.]

ORMOND, J.—The case of St. John v. Garrow, 4 Porter, 223, is identical with this case. There, as here, the admission was made before the statute operated as a bar, and the effect of this admission was to postpone the operation of the statute three years longer. As the suit was commenced within the three years, the court correctly instructed the jury that the admission of the correctness of the account, if believed by them, took the case out of the statute.

Let the judgment be affirmed.