## RUSSELL v. LA ROQUE & HATCH.

1. Where one who is the surety of another, receives from him as an indemnity a promissory note payable at a particular time, he may sue upon it, though he has not been compelled to pay the surety debt, if his liability to pay continues. *Quere*—Has not the debtor in such a case an equity to insist, that the money so recovered shall be applied in discharge of the principal debt?

2. Where a surety about to be sued, and before the statute of limitations has

created a bar, hands to the creditor for suit, a note which had been executed to him by the principal debtor as an indemnity, the effect is such an admission of indebtedness on his part, as will postpone the operation of the statute six years longer as to him.

Error to the Circuit Court of Sumter.

ASSUMPSIT by plaintiff on promissory note for $700, due 1st March, 1839.

Upon the trial, as appears from a bill of exceptions, the defendants introduced an affidavit and interrogatories, propounded to the plaintiff, with his answers thereto. The affidavit stated in substance, that the note sued on was given to plaintiff to indemnify him as security for one William L. La Roque, on a note for $1919 37, to the Tombigbee Railroad Company, dated February 8th, 1838, and due at four months. That from the lapse of time said Russell was discharged from liability for any part of the note to said company, that he has never paid any thing thereon, and is not liable to do so. The material interrogatories are—

1. What was the consideration?

2. Have you ever paid any thing on said note, or are you liable to do so?

3. Has not more than six years elapsed since the note fell due, so that a recovery is barred by the statute of limitations?

4. Was not a quantity of cotton delivered to said company, sufficient to discharge said note?

To the first he answered, " I as agent of the Mass. and Ala. Land Company, and a party interested therein, sold a certain tract of land to one Eastman on credit, titles to be made when paid for. Eastman sold to La Roque, and made deed therefor to him, who made a deed of trust on the same land, and on his negroes, to secure the notes which he gave in theplace of Eastman, for the purchase money of the land, and also to secure and indemnify myself, and Rufus G. Lewis, for going security, which we then did for La Roque, on a promissory note for about $2000, to the Tombigbee Railroad Company. Afterwards, La Roque being about to sell the land to Hatch, to relieve the land from the incumbrance created by the deed of trust, proposed to
45

turn over the notes, or to procure the notes of Hatch to be made to me, for the amount of the purchase money. This, deponent declined to accede to, for the reason that the purchase money was not all that was secured by the deed of trust, but that myself and Lewis were also thereby secured for our suretyship for La Roque. La Roque and Hatch represented, that the former had delivered about forty bales of cotton, to be sold for account of the note to the railroad company, and that there could not be a deficiency on said note of more than $700; and to induce me to go into the arrangement, and raise the incumbrance aforesaid, offered to execute the note here in suit, to stand for and against such delinquency as might exist between the nett proceeds of the cotton and the amount of the note to said company, and did execute and deliver the same therefor to protect said Lewis and myself. To the second I have never paid any thing, unless the following may be considered in that light. About the date of the commencement of this suit, Jonathan Bliss called on me, with said note to said company, showing a balance, I think, of something more than the amount of the note sued on, and said he must either sue me on the note to said company, or must make the money from the note here sued on, and I turned over this note to be sued, and that the money might be made thereon, so far as it would go, for the deficiency due on the note to the company. I did not, and do not consider myself liable on the note due the company. To the third—more than six years have elapsed since said note to said company fell due, so that said note would be barred as to me by the lapse of time, if I should see fit to invoke it."

The court in charging instructed the jury, that if one man indemnified another against loss, the person indemnified has no right of action until he has experienced the loss against which he is indemnified. That if the plaintiff could recover before he was compelled to pay, he might perhaps recover for a large amount, and then satisfy or discharge the claim against which he was indemnified, for a comparatively small sum. Also, that if the statute of limitations had begun to run on the note to the railroad company, when the note sued on was turned out, and more than six years had elapsed since the statute commenced running, it would bar the liability of

said Russell on that note, and he could not as security omit to avail himself of the statute, and yet claim indemnity for the loss he might have avoided by pleading it.

The plaintiff requested the court to charge, that if Russell was liable to the railroad company, to the extent of the note sued upon when he turned out this note, and when suit was brought upon it, and being so liable turned out this note, that the money might be made therefrom to satisfy the sum for which he was so liable, the defendants are not discharged from their liability on the note sued on, by the fact, that since the note was in suit, more than six years have elapsed since the note to said company matured. This charge the court refused, and stated, that if the note to said company was past due when this note was turned out and sued on, and the six years had run since, upon the note to the company, then the statute barred a recovery on said note to said company against said Russell, and discharged him of it.

The plaintiff further moved the court to charge, that if the note sued on, though payable to Russell, was made for the joint indemnity of Russell and Lewis, for their liability for said La Roque on the note to said company, the defendants are not discharged from liability on the note sued on, by showing that Russell is no longer liable on the note to said company, unless the same is shown to be the case as to said Lewis. Which charge the court refused to give, but instructed the jury that said Lewis was not a party, and was not to be regarded in the matter.

To the charges given, and to those refused, the plaintiff excepted, and now assigns the same as error.

BLISS & BALDWIN, for plaintiffs in error:

1. The court erred in its first charge, viz., that plaintiff could not recover, until he had paid the note to bank. [Pitman on Prin. and Surety, Law Lib. 40, p. 93, marg. 126-7-8; Theobold on do. Law Lib. 1, p. 136, marg. 230, § 249 and 231, § 250; Morell v. Smith, et al. 5 Cow. R. 441; former decision in this case, 7 Ala. R. 798.]

2. The court erred in its charge as to the statute of limitations, and its effect on plaintiff's right to recover—1. Mere lapse of time does not discharge plaintiff from the note to

the bank; and plaintiff is not bound to shield himself under the statute. [1 Mass. R. 139.] 2. Plaintiff was entitled to recover when he commenced his suit, and the right is to be determined in reference to that time. No after act between other parties could defeat plaintiff's right to recover; at least for costs and actual damage. 3. Rightly considered, the statute has no application to the case. Plaintiff either paid out the note sued, or pledged it; and in either case, the statute would not further run.

3. If the principal debt was barred as to the surety, it does not affect the right to recover on the note sued. [8 Met. 19; 2 Ala. R. 331; 4 Ib. 223.]

4. The last charge, viz., that in reference to Lewis and his interest and discharge, is so obviously incorrect, that it cannot be made more apparent than by the record.

REAVIS, contra.

1. The note sued on was given to indemnify the plaintiff and one Lewis, against loss, by reason of their being security for La Roque: they have never been subjected to any liability or injury. The first charge of the court is applicable to these facts, and is the law arising upon them. [La Roque & Hatch v. Russell, 7 Ala. Rep. 798.]

2. Russell holding a contract of indemnity from his principal, would be bound to plead the statute of limitations, if it was a bar to his recovery against his principal or himself. [Castleton v. Miner, 8 Vermont Rep. 212, cited in 2 U. S. Dig. 517, § 14; Randolph v. Randolph, 3 Rand. 490.] When the statute begins to run it continues, unless stopped in its progress by the act of the party seeking its benefit. [Johnson v. Wren, 3 Stew. 172; Grice v. Jones, 1 Stewart, 254.] The transfer of the note sued on, under the circumstances stated, did not arrest the progress of the statute: there was no promise to pay, and so far from suit being delayed at his instance, the transaction between him and Bliss was at the request of Bliss, and by that arrangement Russell considered himself released from liability on the note to the railroad company, and there is no evidence to show he is mistaken. When this case was before this court at a former term, (La Roque v. Hatch & Russell, 7 Ala. Rep. 798) the court said

if it had been shown in addition to the evidence offered, that the liability of Russell was at an end, the defence would have been complete. That fact is now shown by the sworn admission of Russell himself, and the case is brought under the influence of that decision : the second charge was therefore correct.

3. If the second charge given was correct, the court properly refused to give the first charge requested.

4. The evidence which shows Russell is not liable, shows also that Lewis is not. The evidence shows that the statute of limitations has perfected a bar in favor of all the parties to the Tombigbee note, and there is no evidence to take the note out of the statute as against any of them : besides, if the arrangement between Bliss and Russell exonerated Russell as Russell says it did, it released Lewis the other surety also. Russell's understanding of the arrangement between him and Bliss, to say the least, was entitled to the consideration of the jury : the charge asked was therefore properly refused. If the charge given in lieu of the second charge asked should be considered erroneous, it is likewise immaterial, and could not have misled the jury, for the evidence shows Lewis was no longer liable on the note to the railroad company. From the transaction between Bliss and Russell it is to be inferred, (there being no evidence to the contrary) that Mr. Bliss was the owner of the Tombigbee note, and if he took the note sued on and discharged Russell, he discharged Lewis the other surety also. [Towns v. Riddle, 2 Ala. Rep. 694.; Letcher v. Yantis, 3 Dana, 160 ; 2 Kinne's Law Comp. 708, and cases.] But Russell could not put any one else in a better situation than he was, by giving up the note sued on : for if he could recover on it without having paid the debt for which it was indemnity, he would only hold the fund as trustee until his liablity was fixed as surety. [Fletcher v. Edson, 8 Vermont Rep. 299.]

5. Russell in his sworn answer admits that he has never paid any thing on the note to the Tombigbee Railroad Company : he says it is barred by the statute of limitations, and that he is no longer liable on it since he gave the note sued to Mr. Bliss. These are uncontroverted facts, as shown by the record. Why then should he recover ? If he cannot or

could not recover for himself, why should he for any one else, when he cannot by an assignment of the note, put his assignee in a better predicament than himself. If then it appears from the uncontroverted and sworn admissions of the plaintiff himself, that he is not entitled to recover, if any of the charges given or refused are erroneous, the court will not reverse the judgment for that reason. [Caruthers & Kinkle v. Mardis, 3 Ala. Rep. 599; Brock v. Young, 4 Ala. Rep. 584; Evans v. Gordon, 8 Porter, 142.]

ORMOND, J.—What is the true nature of the indemnity intended to be given to the surety, by the execution of the note in suit? Was it designed as a mere indemnity against loss, in the event he was compelled to pay the debt for his principal, or did the parties intend to provide an indemnity against liability to suit? We held in effect that it was the latter, when this case was here at a previous term, (7 Ala. R. 798) and such is still our opinion.

It is frequently a matter of great doubt and difficulty, what the true nature of an indemnity is, but the circumstance which influenced our judgment previously, and which has confirmed it on subsequent reflection, is the fact, that the note executed as an indemnity, was payable at a day certain, thus establishing very satisfactorily, that the right of the surety to an action on the note, was not to depend on his being compelled to pay the debt for his principal, as the time when that would happen was uncertain, if it happened at all, whilst the right to sue at a particular time was ascertained, and depended on no contingency.

The court of exchequer has recently decided the same point, in a case the facts of which are precisely the same as in this, and held, that the surety could sue on the covenant given as an indemnity, though he had not been compelled to pay the principal debt, as in this case remaining unpaid. Baron Parke adds, "the defendant may perhaps have an equity that the money he may pay to the plaintiff, shall be applied in discharge of his debt, but at law the plaintiff is entitled to be placed in the same situation under this agreement, as if he had paid the money on the bill." [Loosemore v. Radford, 9 Meeson & W. 657.]

Russell v. La Roque & Hatch.

Whether the surety could have maintained an action on the note, after the statute of limitations had created a bar to the suit on the debt, for which he was surety, is a question not necessary to be decided. The facts are, that before the principal debt was barred by the statute, the attorney of the creditor called on the surety for payment, and was about to institute a suit against him, when he handed over to the attorney the note thus executed as an indemnity, to be sued on, instead of being sued himself, and whilst this suit has been in progress, the time has run on the principal debt.

It does not appear that the creditor released the liability of the surety, upon receiving the note for suit. It is true, the surety who was examined as a witness, says he does not consider himself liable on the note to the company, but whether he is still liable or not, is matter of law, and does not depend on his opinion. There is no fact stated by him from which such an inference can be drawn. The substance of his testimony is, that he handed this note to the attorney of the creditor for suit, and to prevent a suit from being brought against himself. It does not appear that the original liability was given up to the surety, or canceled, and it appears to us that this note was in effect received by the creditor, as a collateral security from the surety. The transaction between these parties, is an unqualified admission 'on the part of the surety, that the company's debt was then due, and its effect was to postpone the operation of the statute six years longer. [St. John v. Garrow, 4 Por. 223]; and the same principle has been re-affirmed at the present term in Deshler v. Cabiness. In this aspect of the case, as the liability of the surety still continues upon the original debt, he may maintain this action for his indemnity.

If the liability of the surety does not continue, then the delivery of the note by the surety must operate as a payment of the debt, and extinguished the liability both of himself and his principal upon the note due the railroad company, and in that event it is obvious the action is maintainable.

We are not able to ascertain from the record, that there is any difference between the condition of the plaintiff in error and Lewis. If the statute of limitations has not operated in his favor, the fact should be shown. The presumption must

be, in the absence of proof, as more than six years have elapsed since the debt matured, that it is barred.

· The intimation thrown out by Parke, Baron, that the debtor would have the right to apply to a court of chancery to direct the amount recovered by the surety to be applied to the payment of the principal debt, has been effected in this case by the surety turning over to the creditor, the note given as an indemnity to be sued for, and applied in payment of the debt, which when received by him, will extinguish the liabilities of all the parties, both principal and sureties. Let the judgment be reversed and the cause remanded.