BRADFORD vs. BARCLAY, ADMINISTRATRIX.

[ASSUMPSET—PRACTICE—SET-OFF.]

1. *Agreement of counsel; construction of.*—The written agreement of the counsel set out in the record is valid ; and properly construed, requires that the court at the trial should consider as duly interposed every plea and replication that could be available to either of the parties, according to the nature of the case, as shown by the evidence.

2. *Error alleged; must clearly appear.*—An alleged error of the court below in relation to the use of a certain paper on the trial, to be available here, must be made by the party excepting, clearly to appear.

3. *Statute of limitations; what will avoid bar of.*—Previous to the change in the law made by § 2914, (2490,) Revised Code, the acknowledgment of an existing debt and an obligation to pay it, avoided the bar of the statute of limitations.

. *The act of 19th February, 1867, in relation to set-off ; construction of.*— Where the defendant pleads a set-off and the plaintiff replies the statute of limitations before the passing of the statute of February 19th, 1867, (Revised Code, § 2647, (2244 a.,) that statute does not operate retroactively, so as to deprive plaintiff of the benefit of his replication.

APPEAL from the Circuit Court of Coosa County.
Tried before the Hon. JOHN HENDERSON.

THIS was an action of *assumpsit*, brought before the promulgation of the Code of 1852, by the appellee, against the appellant.   The record contained neither declaration, nor plea, but the judgment entry recited that the "parties came by their attorneys," and that the jury, who were duly " sworn and charged to try the issue joined between the parties," returned a verdict in favor of the plaintiff, (appellee,) on which the judgment was rendered..   The record contains the copy of an agreement, which is in these words :

" Spring term, 1860.   It is mutually agreed, that defendant may be considered as pleading everything that will be a bar to plaintiff's right to recover, and that plaintiff replies, in like manner.   Yancey, for plaintiff."

The suit was brought, and the writ executed on the defendant, (appellant,) on the 18th of December, 1852, on a note, or due bill, of which the following is a copy :

"$ 356. 58-100.  Due Hugh G. & M. A. Barclay, administrator, and administratrix, of the estate of Geo. P. Brown, deceased, three hundred and fifty-six dollars and fifty-eight cents, on account of so much indebtedness to said estate. August 18th, 1842.

(Signed,) Jos. H. Bradford."

From the evidence set out in the bill of exceptions, it appears that the defendant had pleaded and relied on the statute of limitations as a bar to plaintiff's demand.  It also appears, that defendant had pleaded, and relied on certain sets-off against the demand of the plaintiff, and to this plea of set-off the plaintiff had in turn replied, and relied upon the statute of limitations.  There was testimony conducing to show that in May, 1852, and after the claim of plaintiff had been due and owing for more, than six years, the said defendant had admitted the said note sued on to be an existing debt, and his obligation to pay or settle the same.  There was a controversy before the jury as to the true meaning and extent of the admissions made by defendant in relation to this matter.  The testimony of the sole witness to this point is set out as follows : " Then said Barclay mentioned to defendant, the note sued on, as a claim due to the estate of said Geo. P. Brown, deceased, to which defendant replied, that he would settle, adjust, or pay, (witness could not remember which term was used by the defendant,) that note, when he came up to settle the other matters."  Said witness made a written memorandum of this conversation, which he was called on by the parties to witness, about the time it occurred, which he had with him at the trial, and from which he read in the hearing of the jury, while using it to refresh his memory, the following : "A note due from said Bradford to the estate of Geo. P. Brown, in the hands of said Barclay, was also mentioned, and was agreed should be settled in the final settlement, which they mutually agreed should be soon."

" In the course of the trial the defendant insisted on using before the jury, the written memorandum aforesaid, but this the court refused to allow, alleging that the witness only referred to said statement to refresh his memory. To this refusal of the court, defendant excepted."

The court charged the jury, "that for the purpose of ascertaining the truth of the matter, they would only look to the language of the witness as upon the stand, as this language indicated to them where the truth of the matter in controversy lay." To this defendant excepted.

The defendant asked the court to charge the jury, "that if they believed the defendant Bradford had claims against the estate of Geo. P. Brown, at the time Barclay spoke to the defendant about the note sued on, as stated by witness Henderson, and Bradford stated, in reply to Barclay, that the note should be adjusted on a final settlement, or final account between the parties ; and they should believe, that Bradford meant, by his reply to Barclay, that said note should be taken into the account on their final settlement of the respective claims of the parties ; and should believe, at the time of this conversation, the note sued on was barred by the statute of limitations, and that no settlement had taken place between the parties, the language attributed to Bradford by Henderson, would not amount to a new promise to pay the note ; which charge the court gave ; and in addition thereto the court charged the jury, that if they should believe from the evidence, that in said conversation, Bradford acknowledged that he owed the debt sued for, and recognized an existing liability, on his part, to pay it, that this would remove the bar of the statute of limitations ; to which charge the defendant excepted."

The defendant asked the court to charge the jury, that " if they believed that defendant had legal subsisting claims not barred by the statute of limitations against the plaintiff's intestate at the time the cause of action in this case accrued to the plaintiff, the defendant would be entitled to the benefit of such set-off in this case, notwithstanding more than six years had transpired after the accrual of the rights of these set-offs before the institution of this suit by the plaintiff ;" which charge the court refused, and defendant excepted.

The defendant also asked the court to charge the jury, that, "if the return of the sheriff in the case of *M. A. Brown v. Duncan*, offered as a set-off, showed the collection by him, in said case, of $288 25, on the 3d of May,

24

1841, and $5 15, on the 2d of June, 1841, and on the 12th of September, 1842, the return of "settled in full;" and the record showed, that the plaintiff's attorney received $150 00 without date, and also the further entry, "settled balance with Griffin," also without date; the law will refer these receipts to the next term of the court after the money was received by the sheriff; and, if the next term of the court intervened before the commencement of this suit, the defendant would be entitled under the law of 1867, to the benefit of his set-off for so much of the money as ·was received by the plaintiff's attorney, although more than six years had intervened after the receipt of Barclay, before the commencement of this suit;" which charge the court refused, and to this refusal defendant excepted. A verdict and judgment were given for the plaintiff for $982 65; from which the defendant appealed, and assigned for error, the several rulings of the court above set forth.

MARTIN & SAYRE, for appellant.
J. B. MARTIN, contra.

BYRD, J.—1. The parties went to trial without declaration or pleas, so far as the record discloses, and a verdict was returned in favor of appellee, and a judgment rendered thereon.

The judgment entry shows that a jury was sworn "to try the issue joined by the parties." Upon this state of the record, this court will presume that a declaration and plea were filed. The transcript contains an agreement signed by the attorney of the plaintiff, in which "it is mutually agreed that the defendant may be considered as pleading everything that will be a bar to plaintiff's right to recover, and that plaintiff replies in like manner."

My opinion upon such agreements is given in the case of the *Alabama & Florida Railroad Co. v. Watson*, decided at the present term. As my brother, Judge, does not agree that the rule laid down by me in that case applies to this, and as the Chief Justice did not agree with me in the rule indicated in that case, I consider it my duty in this case to

conform to the opinions of my brethren, *at least*, to the extent that the rule referred to, does not embrace an agreement like the one before us.

As the defendant went to trial without filing any plea, and gave evidence which was only admissible under the pleas of set-off and the statute of limitations, he must be held bound by the agreement, and to every part thereof; and therefore, the plaintiff must be considered as having replied the statute of limitations to the sets-off introduced in evidence. But we do not decide that a plea of set-off is a plea in bar, within the meaning of this agreement, but will so treat it, as the parties and the court below, on the trial, so treated it.

This mode of pleading is a practice which should not be encouraged ; for, in this case, it seems to me that it puts us in the position of making presumption in order to review the cause, which may not be true in fact, and which might result in reversing the cause in the face of the decisions of this court, which have firmly settled the doctrine that no presumption is to be indulged, with reference to the pleadings, for the purpose of a reversal, but may be, in favor of an affirmance of the action of the inferior court.

2. It is not apparent that the court erred as alleged in the first assignment of error. The court did not allow the memorandum read by the witness to go to the jury, but instructed the jury to consider the evidence he gave from the stand.

3. The first charge given by the court, when construed with reference to the evidence, is unobjectionable.—*Jones v. Fort*, 36 Ala. 449 ; ib. 684 ; *Sharp v. Burns et al.*, 35 ib. 653.

4. The other charge given by the court, when construed with reference to the evidence, asserts a correct legal proposition, as shown by the following authorities, and was therefore properly given :—*St. John v. Garrow*, 4 Por. 223; *Deshler v. Cabiness*, 10 Ala. 959 ; *Russel v. LaRoque*, 11 Ala. 352 ; *Towns & Nooe v. Ferguson*, 20 ib. 147 ; *Ross v. Ross*, ib. 105 ; *Bryan v. Ware*, ib. 687 ; *Pool's Ex'r v. Relfe*, 23 ib. 701 ; *Evans v. Carey*, 29 ib. 99.

It is to be observed that the note sued on was given be-

fore the Code went into operation, and suit also commenced before that event.

5. There was no error in the refusal to give the first charge asked by the appellant.

6. At the time this suit was brought in 1852, the statute of limitations had perfected a bar to the set-off proved in the case.

The appellant insists that, nevertheless, he was entitled to the allowance of the set-off by virtue of an act passed the 19th February, 1867, (Pamph. Acts, 676,) in these words : "That in cases in the courts of this State, where the defendant pleads a set-off to the plaintiff's demand, to which the plaintiff pleads the statute of limitations, the defendant, notwithstanding such plea, shall be entitled to have the benefit of his debt as a set-off where such set-off was a legal subsisting claim at the time the right of action accrued to the plaintiff, on the claim sued on."

Statutes are never construed to have a retroactive effect, unless the language is so plain that no other construction can be put upon them.—*Barron v. Hunt*, 18 Ala. 668; *Barnes v. Mayor of Mobile*, 19 Ala. 438; *Kidd v. Montague*, ib. 619; *Hoffman v. Hoffman*, ib. 535. In this case, even if it was competent for the legislature to deprive a party of the benefit of a defense which the law gave him, and which he had already plead in court, it does not seem to me that the statute is any answer to the defense made by appellee to the set-off; for, the statute is not necessarily retrospective in its operation upon cases where the statute has completed a bar, and the party has availed himself of it by pleading it.—See authorities cited above; *Steamboat Company v. Barclay et al.*, 35 Ala. 120.

Repeal of statutes by implication, are not favored by the the courts.— *George v. Skeates & Co.*, 19 Ala. 738; *Rawles v. Doe ex dem.*, 23 Ala. 240; *Pearce v. Bank of Mobile*, 33 ib. 693; *Miles v. The State*, and *Wade et al. v. The State*, both in MS., decided June term, 1866.

It results that there is no error in the record, and the judgment must be affirmed.