GEORGE R. HAPGOOD *vs.* MARIA R. WELLINGTON & trustee.

Worcester. Oct. 5, 1883. — Jan. 1, 1884. FIELD & W. ALLEN, JJ., absent.

The payee of a promissory note, given as collateral security for his liability as indorser of another note made by the same person, may maintain an action thereon against the maker, although payment of the other note has not been enforced, and it is still outstanding and unpaid.

CONTRACT upon a promissory note for $350, dated September 1, 1880, payable on demand to the order of the plaintiff, signed by the defendant, and indorsed by one Smith. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon agreed facts, in substance as follows:

On September 1, 1880, the plaintiff, at the defendant's request, indorsed, before delivery, a promissory note for $350,

made by the defendant, and payable to the order of Charles Wood, on demand.  This note was subsequently delivered by the defendant for value to Wood, and is now outstanding in Wood's hands, unpaid.  No demand thereon has been made upon the plaintiff or the defendant; and interest, which was payable semiannually, is overdue thereon.  Contemporaneously with said indorsement, and as collateral security against loss on account thereof, and for no other consideration between the parties, the defendant executed and delivered to the plaintiff the note declared on.  The defendant is resident in California, and has no attachable property other than a legacy in the hands of an executor summoned as trustee in the present action.

*B. W. Potter*, for the defendant.

*R. Hoar*, for the plaintiff.

C. ALLEN, J.  It has been held in several cases, that, where a promissory note is given in consideration of the payee's promise to do something for the maker, an action may be maintained on the note by the payee against the maker without proving performance on his own part.  *Waterhouse* v. *Kendall*, 11 Cush. 128. *Traver* v. *Stevens*, 11 Cush. 167.  *Hodgkins* v. *Moulton*, 100 Mass. 309, 311.  *Backus* v. *Spaulding*, 116 Mass. 418.  *Hubon* v. *Park*, 116 Mass. 541.  *Turner* v. *Rogers*, 121 Mass. 12.  And in *Moseley* v. *Ames*, 5 Allen, 163, it was held that a note executed and delivered as collateral security for a guaranty entered into by the payee, upon which he was still responsible, might be proved by him against the insolvent estate of the maker.  The present case falls within the principle of these decisions, and the entry must be                    *Judgment affirmed.*