THE MERCHANTS AND MANUFACTURERS' NATIONAL BANK of Middletown, N. Y., Respondent, *v.* IRA T. CUMINGS, Impleaded, etc., Appellant.

INDEMNITY — PROMISSORY NOTE GIVEN TO INDEMNIFY INDORSER OF ANOTHER NOTE AGAINST LIABILITY. If, to induce another to indorse, for his accommodation, his note payable on a day certain, the maker contemporaneously with the indorsement makes another note for the same amount and payable at the same time and place, to his own order, and indorses it and procures it to be also indorsed by a third party under a written statement to the effect that it is given to and to be held by the indorser of the first note as collateral security for his indorsement, and delivers it to the indorser of the first note, and thereupon the first note is discounted for the maker, by the bank at which it is made payable, the second note is to be deemed to have been given to indemnify the indorser of the first note against liability as such, as distinguished from indemnity against damage resulting from the liability, and if such indorser assigns the second note to the bank by which the first note is held, before maturity of either note, the bank may, on the liability of the indorser on the first note becoming fixed by non-payment and protest thereof at maturity, maintain an action on the second note against the indorser thereof.

*M. & M. N. Bank* v. *Cumings*, 79 Hun, 397, affirmed.

(Argued April 27, 1896; decided May 26, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made June 18, 1894, which affirmed a judgment in favor of plaintiff rendered upon a decision of the court on trial without a jury.

The. action was brought upon a promissory note, against the maker and indorser.

The facts, so far as material, are stated in the opinion.

*George H. Decker* for appellant. The face and back of the instrument upon which this action is brought must be considered together as forming one and the same instrument, which is the contract, by the terms of which the parties are bound, if bound at all. The writing upon the back of that paper is as much a part of the contract and a part of the instrument itself as if written in the body of it. (*Benedict* v. *Cowden,* 49 N. Y. 401; *Dinsmore* v. *Duncan,* 57 N. Y. 579; *P. Mfg. Co.* v. *Parr,* 20 Alb. L. J. 39; *Oskaloosa College* v. *Hickock,* 16 Alb. L. J. 225; *Round* v. *Donnel,* 5 Kans. 54.) The instrument is not a promissory note. It is not negotiable. There is no certainty of the fact of payment or of the amount which may become due, without which no instrument is negotiable or governed by the law merchant. (Coleb. on Col. Sec. 4; *Cook* v. *Satterlee,* 6 Cow. 108; *Haskell* v. *Lambert,* 16 Gray, 592; *Robins* v. *May,* 11 Ad. & El. 213; 3 P. & Dav. 147; Byles on Bills [6th ed.], 71; *Cotu* v. *Buck,* 7 Met. 589.) A transfer of the debtor's own negotiable promissory notes as collateral security for the payment of other notes made by him does not come within any definition of collateral security. (Coleb. on Col. Sec. 3; *Miller* v. *Larned,* 103 Ill. 562; *Atlantic F. & M. Ins. Co.* v. *Boies,* 6 Duer, 583.) The most favorable construction that can possibly be placed upon the instrument, in favor of John L. Cumings, is that it is an agreement made by the original maker, seconded by the appellant Ira T. Cumings, that John L. Cumings shall be protected against the actual payment of the first note. (*Nat. Bank of N.* v. *Bigler,* 83 N. Y. 61; *Trinity Church* v. *Higgins,* 48 N. Y. 537; *Chace* v. *Hinman,* 8 Wend. 452; *Aberdeen* v. *Blackmar,* 6 Hill, 324; *Churchill* v. *Hunt,* 3 Den. 321; *Gilbert* v. *Wiman,* 1 N. Y. 550; Sedg. on Dam. 650; *Kohler* v. *Matlage,* 72 N. Y. 266; *Belloni* v. *Freeborn,* 63 N. Y. 390.) Whatever the obligation

46

assumed by the defendant Ira T. Cumings may be called, he is in any event only made by it a surety of a surety, and as such is entitled to all the protection the law gives to such obligators. (*Powell* v. *Smith*, 8 Johns. 249; *Elwood* v. *Deifendorf*, 5 Barb. 398; *Jones* v. *East Society M. E. Church*, 21 Barb. 161.)

*Daniel Finn* for respondent. The note in question is founded upon a good and sufficient consideration and John L. Cumings became a *bona fide* holder of the note for value. (Pomeroy on Equity Juris. [2d ed.] § 747; *McNaught* v. *McClaughry*, 42 N. Y. 22; Baylies on Sureties, 471; 2 Randolph on Coml. Paper, 2; *Grocers' Bank of N. Y.* v. *Penfield*, 69 N. Y. 502; *Agawam Bank* v. *Strever*, 18 N. Y. 502; *M. & T. Bank* v. *Livingston*, 10 N. Y. L. J. 62.) There is no evidence in the case that Ira T. Cumings in any way or manner restricted the use to which Joseph Cumings, the maker, might apply the note. The note was indorsed by Ira T. for the accommodation of Joseph, the maker, without restriction. Joseph then had the right to use it for any purpose beneficial to himself. (*Freund* v. *I. & T. N. Bank*, 76 N. Y. 352; *Lathrop* v. *Morris*, 5 Sandf. 7; *De Zeng* v. *Fyfe*, 1 Bosw. 335; *White* v. *Springfield Bank*, 3 Sandf. 222; *Irving N. Bank* v. *Alley*, 79 N. Y. 536.) John L. Cumings having received the note in suit as collateral security for the indorsement to be made by him on the $2,000 note of Joseph Cumings discounted by the bank, was a *bona fide* holder to the extent of the irrevocable responsibility assumed by him by his indorsement. That responsibility being of the same amount as the note given as collateral with Ira T.'s indorsement on it, he is a *bona fide* holder for value of that note. (*Gould* v. *Segee*, 5 Duer, 260; *M. & T. Nat. Bank* v. *Crow*, 60 N. Y. 85.) It is a well-established rule in equity that the creditor shall have the benefit of all collateral securities or counter bonds which the principal debtor has given to the surety or to a person standing in the position of a surety for his indemnity. (*Moses* v. *Murgatroyd*, 1 Johns. Ch. 119; *Crosby* v. *Crafts*, 5 Hun,

327 ; *Nat. Bank of N.* v. *Bigler,* 83 N. Y. 61 ; *Vail* v. *Foster,* 4 N. Y. 312 ; *Curtis* v. *Tyler,* 9 Paige, 432 ; *Knight* v. *Warren,* 31 N. Y. S. R. 23.) The nature of the indemnity given to John L., the surety on the note discounted by the bank, was to provide an indemnity against liability. There is on the part of Ira T. Cumings by virtue of his indorsement on the note, an absolute and positive agreement to pay to the owner the sum of $2,000 on the day when it became due by its terms. (*Russell* v. *La Roque,* 11 Ala. 352 ; *Bank of N. Y.* v. *Vanderhorst,* 32 N. Y. 553 ; *Coulter* v. *Richmond,* 59 N. Y. 479 ; *Belloni* v. *Freeborn,* 63 N. Y. 383 ; Coleb. on Col. Sec. 120 ; Daniels on Neg. Inst. [4th ed.] § 833 ; Brandt on Suretyship, 271 ; *Hapgood* v. *Wellington,* 136 Mass. 217 ; *Nelson* v. *Eaton,* 26 N. Y. 410 ; *Brookman* v. *Metcalf,* 5 Bosw. 429 ; *Moody* v. *Andrews,* 7 J. & S. 302.) The appellant's claim that the note indorsed by Ira T. was not a promissory note is erroneous as it is apparent from an inspection of it that it possesses all the elements which go to make up a negotiable promissory note. (*Shipman* v. *Bank of N. Y.,* 3 N. Y. S. R. 966 ; *Arnold* v. *R. R. V. U. R. R. Co.,* 5 Duer, 207.)

ANDREWS, Ch. J. The facts briefly are, that on the 18th day of March, 1893, one John L. Cumings indorsed the note of one Joseph Cumings for his accommodation, dated on that day, for the sum of $2,000, payable to the order of John L. Cumings three months after date, at the plaintiff's bank, where it was discounted. Contemporaneously with the indorsement, and to induce John L. Cumings to indorse the same, Joseph Cumings made his certain other note of the same date and amount, and payable at the same time and place as the former note, to his own order, and thereupon indorsed his own name thereon and procured it to be indorsed also by the defendant. Over the indorsement on the second note was this statement : " This note is given to and to be held by John L. Cumings as collateral security for his indorsement on my note, same tenor, date and amount, favor of said John

L. Cumings, which I have given to said John L. Cumings to be by him indorsed and delivered to the Merchants and Manufacturers' National Bank of Middletown, N. Y., for the purpose of renewing my note due at said bank Mch. 18th, 1893. Protest hereof and notice thereof hereby waived." This second note was thereupon delivered to John L. Cumings, who then indorsed the note first mentioned. The note discounted by the bank was not paid at maturity and was duly protested, and is still held by the bank, and is unpaid, and so far as appears no proceedings to collect it have been taken. On May 20th, 1893, before the maturity of either note, John L. Cumings, by formal written assignment, transferred to the bank the second note with all his " right, title and interest" therein. This note was also protested at maturity, and not having been paid, this action was brought thereon against the indorsers. Ira T. Cumings alone defends.

The plaintiff, among other things, relies upon the established rule in equity that a creditor is entitled to the benefit of all collateral securities or counter bonds which a principal debtor has given to a surety or a person standing in the position of a surety for his indemnity. (*Moses* v. *Murgatroyd*, 1 Jo. Ch. 119 ; *Vail* v. *Foster*, 4 N. Y. 312.) But in our view it is unnecessary to determine whether the present case is within this principle. Whatever right John L. Cumings had to the note in suit and to maintain an action thereon against the defendant, was acquired by the plaintiff under his assignment. If on the non-payment of the first note and the charging of John L. Cumings as indorser, the latter could have maintained an action on the second note, and have recovered the amount thereof, without having paid the first note, then we perceive no reason why he could not, by assignment of the second note to the bank which held the original note and debt, have substituted the bank in his place, and given it any right of action which he himself had or might have in case of the payment of the original note and its due protest. The character of the obligation which the defendant assumed becomes in this view a material inquiry. It turns upon the distinction between a

contract to indemnify against liability, and a contract to indemnify against damage resulting from a liability. If in the present case the undertaking of the defendant was of the former class, the action can be maintained, because the liability of John L. Cumings became fixed upon the non-payment and protest of the first note, and has not been discharged. If, on the other hand, the contract into which the defendant entered was against damage which should accrue to John L. Cumings by reason of his liability as indorser, there can be no recovery, because as yet he has suffered no legal damage. He has as yet paid nothing, and mere liability, without more, is not damage within the distinction mentioned. The distinction between the two classes is familiar, and is stated with great distinctness in *Belloni* v. *Freeborn* (63 N. Y. 390).

It is not always easy to determine the nature of the indemnity into which a surety enters. In the present case we have the fact that John L. Cumings refused to assume liability as indorser on the first note until the second note was given. There is the further fact, which appears in the statement on the back of the second note, that it was given as collateral security for his indorsement of the first note. There is the further significant fact that the second note was payable at a day certain, which was coincident with the day of the maturity of the first note. John L. Cumings became indorser of the first note at the request of the defendant, for such is the legal effect of the transaction. Under the circumstances is it not a reasonable construction that the security was given to protect him against the liability which he assumed, and that as between the parties the intention was to place upon the defendant and his co-indorser the burden of looking after and providing for the payment of the first note at its maturity, and, failing to do this, to create an immediate liability to John L. Cumings, by enforcing which he could, in case the bank would defer proceeding against him on his indorsement, realize the means for the payment of the original note.

In *Russell* v. *La Roque* (11 Ala. 352), a case nearly identical with this, it was held that the plaintiff, who, at the request

of the defendant, became surety for him on a note to a third person, receiving as his indemnity the note of the defendant payable at a day certain, may sue upon it, though he had not been compelled to pay the debt for which he became surety if his liability to pay continues. In *Hapgood* v. *Wellington* (136 Mass. 217) the plaintiff had, at the request of the defendant, indorsed his note for his accommodation and contemporaneously therewith and as collateral security against loss on account of said indorsement the defendant gave to the plaintiff his note for the same amount. The note.indorsed by the plaintiff was transferred for value and was not paid at maturity. Thereupon the plaintiff brought suit upon the note given as indemnity and the court held that the plaintiff was entitled to recover, although payment of the other note had not been enforced and it was still outstanding and unpaid. In *Loosemore* v. *Radford* (9 M. & W. 657) the plaintiff and defendant being joint makers of a promissory note, the defendant as principal and the plaintiff as surety, the defendant covenanted with the plaintiff to pay the amount to the payee of the note on a given day, but made default; held, in an action on the covenant, that the plaintiff was entitled, though he had not paid the note, to recover the full amount of it by way of damages.

The question is not free from doubt and the decisions are not altogether harmonious. (See *Osgood* v. *Osgood*, 39 N. H. 209; *Child* v. *Powder Works*, 44 id. 354.) The contract is ambiguous, but we think that construction which treats it as one against liability is most consistent with the admitted facts. On payment of the note the liability of John L. Cumings on the original note will be discharged and the defendant by subrogation will be entitled to enforce it against the maker.

· The judgment should be affirmed.

O'Brien, Haight and Vann, JJ., concur; Gray, Bartlett and Martin, JJ., dissent.

Judgment affirmed.