CHARLES L. WARREN *vs.* PATRICK SULLIVAN & trustee.

Hampshire. Sept. 18. — Oct. 18, 1877. ENDICOTT & LORD, JJ., absent.

Where A. executed to B. an assignment of wages due and to become due for a certain term from C., as security for goods already furnished and to be furnished by B. from time to time during the term, but to no specified amount, the excess due from C. at any time, over and above the amount then due from A. to B., may, under the St. of 1865, *c.* 43, § 1, be held upon trustee process in favor of a creditor of A.

TRUSTEE PROCESS. Writ dated April 26, 1876, and served on April 28, 1876. The principal defendant was defaulted. The Northampton Cutlery Company was summoned as trustee. Albert S. Bacon appeared as claimant of the funds in the hands of the trustee, by virtue of the following assignment, under seal, dated April 20, 1876, signed by the defendant and duly recorded :

" Know all men by these presents that I, Patrick Sullivan of Northampton, in the county of Hampshire, in consideration of one dollar and other valuable considerations to me paid by Albert S. Bacon of Northampton, the receipt whereof I do hereby acknowledge, do hereby assign and transfer to said Albert S. Bacon all claims and demands which I now have, and all which at any time between the date hereof and the first day of April next, I may and shall have against the Northampton Cutlery Company, for all sums of money due and for all sums of money and demand which, at any time between the date hereof and the said first day of April next, may and shall become due to me for services as laborer. To have and to hold the same to the said Albert S. Bacon, his executors, administrators and assigns forever."

At the trial in the Superior Court, before *Bacon*, J., without a jury, it was agreed that on the day of service upon the trustee, the principal defendant owed the claimant but $38.70, and it was conceded that his earnings in the hands of the trustee on that day exceeded that sum. The judge found as a fact that the assignment was given as security to the claimant for goods already furnished to the defendant by the claimant, and as security for what goods the claimant should let him have from time

to time from his store, during the term of the assignment, and that the assignment was valid and was made without any fraudulent intent, for and in consideration that the claimant should not only apply said earnings to the payment of any indebtedness existing at the date of the assignment, but should also, from time to time, during the term named in the assignment, furnish the defendant with goods from his store, for the use of the defendant and his family.

The plaintiff requested the judge to rule, that, under the St. of 1865, c. 43, § 1,* the excess in the hands of the trustee, above $38.70, the amount agreed to be due Bacon at time of service, should be subject to be held by the trustee process in the same manner and with the same effect as if no assignment had existed.

The judge refused so to rule, but ruled that, the assignment being found valid and not fraudulent, the future earnings of the defendant passed thereby to the claimant, and were not liable to be attached by trustee process; and that the provisions of the St. of 1865 did not apply so as to make any excess of such future earnings, over and above the amount actually due from the defendant to the claimant at the date of the service of the trustee process, liable to be attached by trustee process, because it was held to secure not only an existing debt, but also to secure the claimant for goods which he should from time to time let the defendant have from his store during the term of the assignment; and found for the claimant.   The plaintiff alleged exceptions.

*J. B. Bottum*, for the plaintiff.

*F. A. Beals*, for the claimant.

SOULE, J.   The learned judge, who tried this case without a jury, found as a fact that the assignment, under which the claimant insists that he is entitled to the fund, was made without fraudulent purpose, as security to the claimant for goods already furnished, and as security for such goods as should thereafter be

* This act provides that if the assignment " is held only as security for a debt," the court shall determine "the amount due upon such debt" at the time of service upon the trustee, and the excess in the hands of the trustee, above the amount so found due, shall be subject to be held by the trustee process, as if no assignment existed.

furnished to the principal defendant by the claimant, and in consideration that the claimant should furnish the defendant with goods from time to time during the term named in the assignment. It does not appear that there was any agreement by the defendant to buy goods to any specified amount; nor by the claimant to sell goods to any specified amount. Either party was free to discontinue the dealings at any time. The assignment being made and held only as security for payment for such goods as had been or should be sold to the defendant, the rights of the claimant to retain the wages assigned, after the end of the term named in the assignment, would cease when he had been fully paid for what he had sold. The defendant would be entitled to any balance of the wages remaining after such payment to the assignee. This is the meaning of the statement that the assignment was given as security for goods sold and to be sold. It appears, therefore, that the assignment was held " only as security for a debt," within the meaning of the St. of 1865, *c.* 43, § 1, and that the plaintiff is entitled to hold the balance in the hands of the trustee above the amount due the claimant at the time of service of the writ.

The rule of law having been established, that the real consideration of assignments of future wages may be inquired into, and the facts having been found as above stated, the case is brought into very close resemblance to those cases in which the assignment set forth in terms that the balance of wages remaining after payment and satisfaction of all the debt and advances should be paid to the assignor. In those cases, before the St. of 1865, it was held that the trustee must be charged for any balance in his hands at the service of the writ, above the amount then due the assignee. *Darling* v. *Andrews,* 9 Allen, 106. The like agreement is implied in the finding that the assignment was held as security.

We are of opinion that the learned judge erred in refusing to rule that the excess in the hands of the trustee, above the amount due the claimant at the time of service, was subject to be held by the trustee process, in the same manner and with the same effect as if no assignment had existed.

*Exceptions sustained.*