DANIEL FRANCIS vs. MARY DALEY & others.

Bristol.    November 13, 1889. — January 1, 1890.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Equity — Finding of Single Justice — Law and Fact — Confirmation of Void
Sale by Executor — Probate Appeal.*

The finding of a single justice of this court, that the plaintiff in a bill in equity
shows no equity calling for the interposition of the court, involves both law
and fact, and, so far as it is the latter, will not be set aside unless it is clearly
erroneous.

A testator devised real estate to his wife for life, with remainder to his children,
and the executor, after an appeal seasonably taken from a probate decree
on his petition authorizing its sale to pay debts, sold it, and in 1885 con-
veyed it in the usual form to a purchaser in good faith for value, who en-
tered into possession and made improvements.   The widow and children
brought a writ of entry in 1888 to recover possession, pending which the
purchaser filed a bill in equity, in 1889, on the Pub. Sts. c. 142, § 22, against
them and the executor, to confirm the sale to him.   Meanwhile the petition was
remitted to await the settlement of the executor's final account, which disclosed
a balance due from the estate, and the widow was willing to pay it to prevent
a sale of the real estate, if the former sale was not confirmed.   At a hearing
on the bill, a single justice of this court found that the plaintiff showed no
equity against the defendants, and dismissed the bill.   *Held*, on appeal, that
the facts did not require a setting aside of the finding of the single justice, and
that the bill must be dismissed.

BILL IN EQUITY, filed on March 4, 1889, on the Pub. Sts.
c. 142, § 22, for the confirmation of a sale of real estate to the
plaintiff by Stephen W. Hayes, the executor of the will of
Patrick Daley.   The case was heard by *Holmes*, J., who reported
it for the consideration of the full court, in substance as follows.

Patrick Daley, by his will duly admitted to probate, after
the bequest of certain personalty to his two sons, gave the resi-
due of his estate to his wife, the first named defendant, for life
or so long as she should remain unmarried, and provided that
after his wife's decease or remarriage the residue should be
divided equally among his sons, whose assignee was a defendant,
and his two daughters, who together with the executor were
the remaining defendants.   In March, 1885, the executor, in
order to pay debts of the estate, filed a petition for leave to sell
the real estate in question, consisting of a lot of land with the

buildings thereon, and on October 8, 1885, a decree was made by the Probate Court authorizing the sale. The sale was duly advertised on October 16, 24, 26, and 31, and on the date last named the executor effected a sale to the plaintiff for eleven hundred and seventy dollars, and on November 9 executed a deed to him containing the usual covenants of an executor's deed. A few days after, the plaintiff took possession. On October 29, the defendants other than the executor appealed from the decree of the Probate Court, but the executor honestly supposed that there was no opposition to the sale, and was ignorant of the appeal until service of notice thereof upon him on November 18, 1885, but the defendants were not responsible for his supposition or for his ignorance. The appeal was not entered in the Supreme Judicial Court on December 6, as it should have been, but was entered on December 9 by consent of the parties thereto. At a hearing on the appeal, a decree was made remitting the petition to the Probate Court for continuance without prejudice until the executor's final account should be settled. A settlement of that account disclosed charges due from the estate to the amount of about one hundred and eighty-six dollars, to liquidate which the real estate would have to be sold, except that the widow, if the sale in question was not affirmed, was willing to pay that amount herself in order to prevent a sale thereof. The defendants other than the executor brought a writ of entry against the plaintiff, to recover possession of the real estate in question, on January 1, 1888, which action is still pending. The plaintiff, after he took possession and before the date of the writ of entry, made improvements, the value of which was agreed for the purposes of this case to be nine hundred dollars. The price brought at the sale was a fair price, and it did not appear whether more could be got now or not.

The judge found that the plaintiff had no equity, as against the defendants, to insist on a confirmation of the sale, if he had any power to confirm it. The plaintiff contended that it appeared, as matter of law and fact from the above facts, that the plaintiff had an equitable claim to relief. If the plaintiff was right in his contention, the judge ruled that whether the Supreme Judicial Court obtained jurisdiction of the probate appeal

entered late by consent or not, the attempted sale by the executor was simply a transaction without any color of right; and ordered the bill to be dismissed, with costs, and, at the request of the plaintiff, reported the case for the consideration of the full court, such decree to be entered as equity might require.

*E. L. Barney*, for the plaintiff.

*E. Avery & T. F. Desmond*, for the executor.

*C. W. Clifford & W. Clifford*, for the other defendants.

KNOWLTON, J.   The plaintiff brings his suit under the Pub. Sts. c. 142, § 22, which reads as follows : " When an act or proceeding of a person acting as executor, administrator, guardian, or trustee under an appointment or license of a Probate Court is void by reason of an irregularity or of want of jurisdiction or authority in the court making the appointment or granting the license, any person interested in or affected by such act or proceeding may have the matter heard and determined by the Supreme Judicial Court in equity ; and that court may confirm or set aside in whole or in part the act or proceeding ; may make such order or decree in relation to the subject matter, and to the rights and liabilities of all parties interested in or affected by such act or proceeding, as may be adjudged to be just and equitable," etc.   The statute is broad and comprehensive.   In a case which comes within its terms, the court may do whatever is just and equitable ; but before a court can proceed at all, it must be made to appear that justice and equity require some action.   In the present case the presiding justice found that the plaintiff had shown no equity which called for the interposition of the court.   This finding involved both law and fact ; and so far as it was a finding of fact, although it is before us for revision, it will not be set aside unless it is plainly wrong. *McDonough* v. *O'Niel*, 113 Mass. 92.

The question before us is, whether it appears from the facts set forth in the report that the plaintiff is equitably entitled to relief.   The controversy relates to a lot of land with buildings upon it.   The defendants who oppose the granting of the petition are the widow and children and the representative of other children of Patrick Daley.   Under the provisions of his will, his widow, Mary Daley, has a life estate in the property unless she again marries.   His children are entitled to the reversion

after her death. The plaintiff bought the estate in good faith, at a sale by the executor to pay debts, made after an appeal seasonably taken from the decree of the Probate Court authorizing the sale. The appeal vacated the decree from the time when it was taken, so that no action could legally be had under the decree until there should be a waiver of the appeal, or an order of the Supreme Judicial Court or of the Probate Court disposing of it. Pub. Sts. c. 156, §§ 12, 17, 18. The sale was therefore without authority of law, and the plaintiff got no title. He paid his money and entered into possession. It is said that there is something special and peculiar in the use of a piece of real estate, which equity will recognize as more beneficial than money in favor of one entitled to it. This is the foundation of the equity for a decree for specific performance of a contract for the sale of land. But if the defendants are entitled to the real estate, this equity is in their favor. Viewed practically, it is certainly as strong where the claimants are the widow of a testator desiring the enjoyment of his homestead for her life, and his children, who own the reversion in it, as where a purchaser wants the use of that which he has bought. In the present case, the defendants have the legal right and title.

The deed to the plaintiff contained the covenants usual in executor's deeds. Under these he had and has a perfect remedy against the executor to recover back the price which he paid. There is nothing to indicate that the executor is not of ample financial ability, and as the plaintiff has introduced no evidence upon that subject, we must assume that there is no risk of the plaintiff's losing any part of the purchase money. The deed was executed on November 9, 1885, and possession was taken by the plaintiff a few days afterward. On November 18, 1885, the executor had notice of the appeal. No evidence has been introduced to show that the plaintiff did not hear of it at about the same time, and the fair inference is that he did. If so, he might immediately have brought suit against the executor for his money, and have escaped with no substantial loss. Without doing anything, so far as appears, to protect himself, until this bill was filed on March 4, 1889, he has remained in possession ever since, and the report finds that he has made improvements upon the estate

amounting to nine hundred dollars in value. It is argued that his risk of loss on these improvements constitutes an equity which calls for a decree in his favor. But it does not appear by the report that he made them under such circumstances as entitle him to any equitable consideration from the court. If he did, he has a perfect remedy for the value of them in the suit now pending against him to recover possession of the land. Pub. Sts. c. 173, § 18.

There is a balance of one hundred and eighty-six dollars to be paid on the final account of the executor, the payment of which might require a sale of this real estate. But the report finds that the widow, to prevent a sale if the past sale is not confirmed, is willing to pay it. In such a case, the statute provides that no sale shall be made. Pub. Sts. c. 134, § 10. We have therefore a plaintiff claiming, under a void sale, real estate to which the widow and children of the testator have a legal title, and urging as the equities on which he founds his suit the payment of money which he could immediately have recovered back, and which he still can recover back, and the making of improvements which he either should not have made, or for which he can recover compensation in the real action pending in the Superior Court. The report shows no facts which require us to set aside the finding of the presiding justice.

In this view of the case, it becomes unnecessary to consider whether the Supreme Judicial Court got jurisdiction of the probate appeal entered by consent of parties after the time at which it should have been entered under the statute.

*Bill dismissed with costs.*