## MARY DALEY *vs.* DANIEL FRANCIS.

Bristol. October 31, 1890. — January 8, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Probate Appeal — License to sell Real Estate — Late Entry — Waiver.*

A sale of real estate by an executor within the time allowed for an appeal from a decree of the Probate Court granting a license to sell the same, even if an appeal subsequently taken is not duly entered in the appellate court, is invalid, unless further proceedings are had; and no title passes thereunder to the purchaser.

The late entry of a probate appeal in this court with the appellee's written consent, during the time within which an entry is authorized to be made on petition and notice, as provided by the Pub. Sts. c. 156, § 18, confers the same jurisdiction as if it had been seasonably entered.

WRIT OF ENTRY, dated January 5, 1888, to recover a parcel of land in New Bedford. Trial in the Superior Court, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows.

The demandant is the widow of Patrick Daley, deceased, and took a life estate in the demanded premises under his will, which was duly admitted to probate on January 2, 1880. She thereupon entered into possession of the premises by taking the rents thereof until a sale by auction of the same by the executor, on October 31, 1885, to the tenant, for a fair price and in good faith, under a license issued on October 2, 1885, by the Probate Court for the sale thereof to pay the debts of the testator. After this sale the tenant collected the rents. On October 29, 1885, two days before the sale, and within the time limited for taking an appeal, the demandant, by her counsel, filed in the Probate Court her appeal to the Supreme Court of Probate from the decree granting such license. This appeal was not entered at the regular rule day, to wit, the first Monday of December following, but was entered on December 29, 1885, by the appellant, an agreement in writing of the counsel for the appellee being indorsed thereon, consenting to such entry. The appeal was thereafter prosecuted in the Supreme Court of Probate, and a trial had upon law and fact. On June 8, 1887, the following

decree was entered in that court, and duly filed in the Probate Court: "That the petition be remitted to the Probate Court, there to be continued until the executor's final account be settled, without prejudice to further action by the Probate Court upon said petition when said account shall be settled." The final account of the executor has now been settled, and it appears that the premises must be sold as the only legal mode of paying debts to the amount of $186; but the widow to prevent a sale, if the past sale is not confirmed, is willing to pay the amount herself. No further proceedings appear to have been had in the Probate Court upon the petition for license to sell.

The tenant contended that the license was not vacated, because the Supreme Court of Probate never had jurisdiction of the appeal, and could not legally act thereon; that the sale to him was sufficient to enable him to hold the real estate; and that the writ of entry could not be maintained, and the demandant had no right of possession; but the judge ruled that said sale was without any warrant of law, and passed no title to the tenant, and directed the jury to return a verdict for the demandant; and reported the case for the determination of this court.

If the ruling was right, the verdict was to stand; otherwise, it was to be set aside, and such order made as law and justice might require.

*E. L. Barney*, for the tenant.

*C. W. Clifford & W. Clifford*, for the demandant.

W. ALLEN, J. The demandant is tenant for life of the demanded premises, under the will of her husband, Patrick Daley, and was in possession under her title until the tenant took possession, claiming title under a sale to him by the executor of said Patrick, by license of the Probate Court, to pay debts of the testator. The sale was made during the time within which the demandant had a right to appeal from the decree granting the license, and after the sale the demandant duly appealed from the decree.

The only question presented by the report is, whether the appeal vacated the decree, so that the tenant took no title or right of possession under the sale. He clearly took neither, unless the executor had authority to sell the land under the license. The ground upon which it is contended that the executor had

authority to sell under the decree, notwithstanding the appeal, is that the appeal was not duly entered in the appellate court. The statutes provide that, after an appeal has been claimed and notice thereof has been given, all proceedings under the decree appealed from shall be stayed until the determination of the appellate court; and that if the appellant fails to enter his appeal, the Supreme Court of Probate may, upon complaint, affirm the former decree, or take such other order as law and justice may require; or the Probate Court may, upon petition, notice, and hearing, dismiss the appeal and affirm the decree, and further proceedings may then be had in the Probate Court as if no appeal had been taken. Pub. Sts. c. 156, §§ 12, 18. Plainly, the failure to enter the appeal could not operate to affirm the decree appealed from, much less to retroact upon it, and make it operative during the period after the appeal was taken and before failure to enter it. See *Francis* v. *Daley*, 150 Mass. 381.

If it were true that the appeal was never entered in the appellate court, the sale would be unauthorized and void. But we think that the appeal was duly entered in the appellate court. The appeal should have been entered on the rule day, which was the first Monday of December, 1885. It was not entered on that day, but was entered before the next rule day, with the written consent of the appellee thereto filed with the papers. The appeal was thereafter prosecuted, a trial was had, and a decree was entered in June, 1887, " That the petition be remitted to the Probate Court, there to be continued until the executor's final account be settled, without prejudice to further action by the Probate Court upon said petition when said account shall be settled." No action has since been taken upon the petition by the Probate Court.

The Pub. Sts. c. 156, § 9, provide that, if an appellant omits to claim or prosecute his appeal, " the Supreme Court of Probate, if it appears that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it deems reasonable, allow an appeal to be entered and prosecuted with the same effect as if it had been done seasonably." Notice to the other party is required. When a party has taken an appeal and fails to enter it, § 18 of the same chapter

gives the Supreme Court of Probate authority, upon complaint of any party interested, to affirm the decree, or to take such order as law and justice may require. That court has jurisdiction of the subject matter, and we think that a written petition, and order of notice thereon, are not necessary to give it jurisdiction of the person, but can be waived by the appellee. The case in the appellate court is the same case as in the court below. The parties follow the appeal into the appellate court, and are not brought there by the process of that court, and no notice of the appeal was required except such as was implied in the service of the copy of the reasons of appeal. No process of this court is provided by which the appellee shall be summoned to answer to the appeal. The entry of the appeal in this court imports jurisdiction of the person of the appellee. It can be entered at the prescribed time, as of course; it can be entered after that time for cause, upon petition therefor and notice to the appellee; but the notice is to answer to the petition, not to the appeal. If the petition is allowed, and the appeal entered, the appellee is to take notice of its entry, and is under the jurisdiction of the court in respect to it, as if it had been entered as of course. The statute provides that it is to be entered and prosecuted with the same effect as if it had been done seasonably. The object of the petition and notice being for the benefit of the appellee, to give him an opportunity to be heard upon the question whether the appeal shall be entered, they may be waived by him, and an entry with his written consent during the time within which an entry is authorized to be made on petition and notice will give the court the same jurisdiction over him as if seasonably made.

*Bergen* v. *Jones*, 4 Met. 371, only decided that an appeal from the Court of Common Pleas, under a statute very like the one under consideration, could not be entered unseasonably on motion and without the consent of the other party. The question whether the objection that the entry was ordered on a motion, and not on a petition, could be waived by the party, was not considered. *York* v. *Noyes*, 4 Mass. 645, decided that such entry could be made on motion by consent. We think that the appellee could not impeach the decree directly on the ground that the court had not jurisdiction of his person, and that the tenant in this action cannot do it collaterally.        *Verdict to stand.*