JOHN FARINA *vs.* ANGELO VITTI, NEWTON TRUST
COMPANY, claimant.

Middlesex.    March 9, 1933. — April 3, 1933.

Present: CROSBY, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Assignment,* Consideration. *Contract,* Implied. *Practice, Civil,* Requests, rulings and instructions.

In an action at law by trustee process in a district court, the administrator with the will annexed of a woman's estate was named as trustee. The defendant was her son and a legatee under the will. A bank, admitted as claimant, claimed the funds in the trustee's possession by virtue of an assignment from the defendant given previous to the time of the trustee attachment. The plaintiff contended that the assignment was without consideration and was invalid. It appeared that the defendant, on a petition averring that his mother had left no will, had been appointed administrator of her estate; that later the trustee had filed the will and a petition for its allowance and his appointment as administrator with the will annexed; that a decree granting the petition was entered, from which the son appealed; that, while the appeal was pending, the son received a draft from an insurance company which was assets of the estate and presented it to the bank with a certificate of his appointment as administrator which was more than twenty days old; that the bank cashed the check; that about a week later the administrator with the will annexed filed a petition that the son's appeal be dismissed, which was allowed twelve days thereafter; that later the bank received a letter from the Federal Reserve Bank stating that the son's indorsement on the check was a forgery because he was not administrator at the time of the indorsement; that the bank's official told the son and his attorney that the bank was going to pay the Federal Reserve Bank the amount of the check and would look to the defendant to see that it was reimbursed for the amount paid him; that the bank then authorized the Federal Reserve Bank to charge it with the amount of the check; and that four days later the assignment upon which the bank relied as claimant was executed under seal by the defendant, witnessed by his attorney and delivered to the bank, it providing that when the bank was "refunded" the amount it had paid the defendant with interest and costs, it would reassign to the defendant what it had received under the assignment. There was no evidence of duress or coercion toward the defendant. The judge found for the claimant bank. *Held,* that

(1) A finding was warranted that the assignment was given only as a security for a debt and was for a valid consideration;

(2) The seal imported a consideration;

(3) The circumstance, that the defendant did not verbally assent to the payment made by the bank, did not affect its rights under the assignment;

(4) Even if the bank was under no legal obligation to pay the Federal Reserve Bank, the payment by the bank in the circumstances could be found to be a sufficient consideration for the assignment.

An order of an appellate division dismissing the report of an action by the trial judge of a district court, who had sustained an adverse claimant's claim in trustee process, was not reversed on appeal of the plaintiff because the trial judge erroneously refused a request for a ruling that trustee process was a proper form of action, the final action of the judge showing that the plaintiff was not harmed by the error.

CONTRACT, begun by trustee process, the administrator with the will annexed of the estate of the defendant's mother, Maria Vitti, being summoned by special precept as an alleged trustee. Writ in the District Court of Newton dated September 24, 1930.

Newton Trust Company was admitted as claimant to the funds in the possession of the administrator trustee. The claim was heard in the District Court by *Cunniff, J.*, who found for the claimant and reported the finding to the Appellate Division for the Northern District.

The "questions asked the witness White by the plaintiff's counsel" and "excluded," referred to in the opinion, were as follows, according to the record:

"The plaintiff asked Mr. White, 'Have you paid Vitti anything for this instrument?' The answer was 'No.' The court excluded the question after objection by counsel for the claimant, and the plaintiff excepted to the striking out of the answer 'no.'

"The plaintiff asked Mr. White, 'Have you paid anything to Vitti on his order or request?' The question was objected to and excluded. The plaintiff excepted and offered proof that the answer would be 'no.'

"The plaintiff asked Mr. White, 'Did Vitti owe the bank any money at the time the instrument was signed?' The question was objected to and excluded. The plaintiff excepted and offered to prove the answer would be 'no.'

"The plaintiff asked said witness, 'And under that practice, and custom (meaning the method used by the bank in

cashing the check) was there any practical way of knowing that Vitti might make an improper use of the proceeds of that check?' The question was objected to and excluded. The plaintiff excepted and offered to prove the answer would be 'no.'

The report was ordered dismissed. The plaintiff appealed.

*M. Horowitz,* (*J. S. Ellis* with him,) for the plaintiff.

No argument nor brief for the claimant.

CROSBY, J. This is an action of contract begun by trustee process on September 24, 1930, against the defendant Vitti (herein referred to as the defendant) and the Metropolitan Life Insurance Company and the Middlesex and Boston Street Railway Company, alleged trustees, returnable to the District Court of Newton on October 11, 1930. On March 2, 1931, there was a finding for the plaintiff against the defendant in the sum of $1,556.

On June 4, 1931, on the plaintiff's motion a special precept to attach goods, effects, credits or personal property of the defendant in the hands and possession of Joseph F. Lockett, as administrator of the estate of Maria Vitti, was made and served on Lockett as said trustee. The defendant is a son of the testatrix and a legatee of her estate. The estate is solvent. The Newton Trust Company was admitted as a claimant under a written assignment dated January 24, 1931, from the defendant of his interest in the estate. The main question for decision is whether the evidence justified a finding in favor of the adverse claimant as against the plaintiff.

The assignment, the consideration for which was $978.64, transferred to the assignee all the assignor's rights in the estate of his mother. It also recited that "whenever the Newton Trust Company is refunded of the said Nine Hundred Seventy-eight Dollars and sixty-four Cents plus interest and costs, the said Newton Trust Company shall re-assign to me or my heirs, executors or administrator, my rights, title and interest transferred by this instrument, or so much thereof as shall not have been used in such refunding." It was executed in the presence of one Finelli, counsel for the defendant. The evidence warranted a finding that

the assignment was duly executed and delivered to the claimant, and that a check dated April 16, 1930, made by the Metropolitan Life Insurance Company in the sum of $978.64 and payable to "Angelo Vitti as administrator of the estate of Maria Vitti, deceased," was given to the defendant on either May 29 or 31, 1930.

The following facts were agreed upon by counsel in open court at the trial: On April 10, 1930, the defendant filed a petition for administration in the Probate Court alleging, in substance, that his mother, Maria Vitti, had died without leaving a will. The defendant was appointed administrator on that date and filed a bond. On May 6, 1930, Joseph F. Lockett filed a petition for probate of the will of Maria Vitti and for letters of administration with the will annexed, and he was appointed on the same day and filed a bond. On May 24, 1930, the defendant appealed from the decree. On June 4, 1930, Lockett filed a petition that the appeal be dismissed, which was granted June 16, 1930.

One Mitchell, cashier of the Newton office of the Metropolitan Life Insurance Company, testified that counsel for Lockett communicated with him on September 18, 1930, as to when the defendant received the check from the witness, and there was correspondence between the insurance company and the Newton Trust Company with reference to the right of the defendant to cash the check and as to whether the defendant or Lockett was entitled to the funds.

One White, assistant treasurer of the Newton Trust Company, testified that he was familiar with the transaction, and that Vitti cashed the check for $978.64 at the trust company on May 28, 1930; that during the years 1930 and 1931 the bank had no other transactions with Vitti and that he had no account in the trust company during that period; that Vitti presented the check for payment to the teller in the presence of Finelli; that the teller was shown a certificate of Vitti's appointment by the court as administrator, which was more than twenty days old; that on or about October 29, 1930, the witness received a letter from the Federal Reserve Bank stating that Vitti's indorsement was a forgery because he was not the admin-

istrator on May 28, 1930. This letter was introduced in evidence. The witness communicated the contents of the letter to the defendant and his counsel, and they replied that the check was cashed on proper authority, and that the bank was shown the necessary papers at that time. The witness further testified that he told the defendant or Finelli that the bank was called upon to pay the amount of the check to the Federal Reserve Bank because of the defendant's forgery and lack of authority to indorse the check as administrator, and that the Newton Trust Company would do this, and would look to the defendant to see that the bank was reimbursed for the amount it had paid him; that Vitti did not tell him at any time that he would pay the money back; that no one threatened him with criminal prosecution if he did not reimburse the bank for the amount of the check; that the Federal Reserve Bank wrote the trust company that its account would be charged with the amount of the check, and on January 20, 1931, the witness wrote the Federal Reserve Bank authorizing it to charge the amount of the check to the trust company; that the assignment was received after it had been executed; that the bank honored the check on May 28, 1930; that it acted in good faith and did not share in any wrongdoing on the part of Vitti; and that it acted in accordance with the usual custom of banks.

The plaintiff argues that no valid claim was held by the claimant against the defendant when the assignment was executed and delivered, and hence it was void as against the plaintiff, and that there was no consideration for the same. In addition to the cashing of the check by the claimant, the judge was warranted in inferring an agreement on the part of the defendant that if the claimant paid the amount of the check to the Federal Reserve Bank he would reimburse the claimant for such payment. The evidence warranted such a finding. The general finding of the judge for the claimant imports a finding of all subsidiary facts and the drawing of all permissible inferences in its support. *Adams* v. *Dick*, 226 Mass. 46, 52. *Jones* v. *Clark*, 272 Mass. 146, 149. The general or special find-

ings of the judge in an action at law must stand if warranted upon any view of the evidence. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *Commercial Trust Co. of New York* v. *American Trust Co.* 256 Mass. 58, 62. The plaintiff offered the original letter from the assistant treasurer of the trust company to the Federal Reserve Bank. The letter was excluded rightly, it did not contain any threat of criminal prosecution of the defendant and so far as appears was not competent for any purpose. The questions asked the witness White by the plaintiff's counsel were excluded, subject to the plaintiff's exception. They were properly excluded. *Bradley* v. *Meltzer*, 245 Mass. 41, 43, 44.

At the close of the evidence the plaintiff filed ten requests for rulings. The first was that the claimant's petition should be dismissed for the reasons (a) that there was no valid consideration for making the assignment to the claimant; (b) that the consideration for it was void as against public policy; and (c) that the assignment "is not a valid assignment, only as security for a debt." This request was rightly denied. The burden of proof was upon the claimant to establish that the funds attached by trustee process belonged to it and the judge so ruled. *Hubbard* v. *Lamburn*, 189 Mass. 296, 298. *Meteor Products Co. Inc.* v. *Société d'Electro-Chemie et d'Electro-Métallurgie*, 263 Mass. 543, 546. It may be assumed for the purposes of this case that the claimant was justified in cashing the check, and that the defendant's appointment as administrator on April 10, 1930, was valid and continued until his appeal from the decree appointing Lockett administrator with the will annexed was dismissed on June 16, 1930. G. L. (Ter. Ed.) c. 215, § 2. *Arnold* v. *Sabin*, 4 Cush. 46. *Daley* v. *Francis*, 153 Mass. 8.

It is the contention of the plaintiff that there was no valid consideration for the assignment from the defendant to the claimant as required by G. L. (Ter. Ed.) c. 246, § 34. We are of opinion that this contention is without merit. There was evidence warranting a finding that a contention was made by the Federal Reserve Bank that the cashing of the

check and the payment to the defendant were without any authority of the defendant to receive the proceeds of the check; that the claimant told the defendant that this contention had been made to the claimant, and that the latter was obligated to pay this money to the Federal Reserve Bank and intended to pay it and look to the defendant for reimbursement of the amount so paid. When the trust company received the letter dated October 29, 1930, from the Federal Reserve Bank, stating that Vitti's indorsement was a forgery because he was not the administrator of the estate on May 28, 1930, the trust company communicated the contents of the letter to Vitti and to his attorney. They replied that the check was cashed on proper authority and that the bank was shown the necessary papers at that time. The defendant was then told by the trust company that it was called upon to pay the amount of the check because of the defendant's lack of authority to indorse it as administrator, and that the bank would pay it and would look to the defendant to see that it was reimbursed for the amount paid. On January 20, 1931, the trust company wrote the Federal Reserve Bank, authorizing the latter to charge the amount of the check to it. Although the defendant did not state to the assistant treasurer of the trust company that he would return the amount of the check, he executed the assignment on January 24, 1931. Whatever his obligation, if any, was to reimburse the trust company, he voluntarily agreed to do so by the execution of the assignment which was given for a valid consideration. *Hubbard* v. *Coolidge*, 1 Met. 84. *Warren* v. *Sullivan*, 123 Mass. 283. *James* v. *Newton*, 142 Mass. 366. The assignment was given as security for any liability of the trust company incurred for the payment to the Federal Reserve Bank of the ·amount of the check. If it turned out that the trust company was not liable to the Federal Reserve Bank, such a result would not affect the validity of the consideration of the assignment. On the other hand, if the trust company was held liable to the Federal Reserve Bank for the amount of the check, it was the duty of the defendant to reimburse the trust company for the amount which it was called upon

to pay as the defendant had cashed the check and retained the proceeds which were the property of the estate. The assignment upon its face shows that it was given upon a valid consideration. It expressly gives to the trust company the full power "for its benefit and use, all my interest in said estate, provided nevertheless, that whenever the Newton Trust Company is refunded of the said Nine Hundred Seventy-eight Dollars and sixty-four Cents plus interest and costs, the said Newton Trust Company shall re-assign to me or my heirs, executors or administrator, my rights, title and interest transferred by this instrument, or so much thereof as shall not have been used in such refunding."

The evidence plainly warranted a finding that the assignment was given only as a security for a debt and was for a valid consideration. Moreover, the assignment being under seal imports a consideration. The circumstance that the defendant did not verbally assent to the payment made by the trust company did not affect the claimant's rights under the assignment. Even if the claimant was under no legal obligation to pay the Federal Reserve Bank, the payment by the claimant in the circumstances could be found to be a sufficient consideration for the assignment. *Wit* v. *Commercial Hotel Co.* 253 Mass. 564, 572, 573.

The plaintiff's first, second, and ninth requests, in substance that there was no valid consideration for the assignment could not rightly have been given; the third and fourth requests, that the burden of proof was on the claimant to establish a legal assignment and prove that it held a valid assignment from the defendant, were given; the fifth, sixth and seventh were rightly denied as not applicable because not in accordance with the facts. Although the eighth request, that "The trustee process against the administrator with the will annexed of the estate of Maria Vitti was legal and proper," was a correct statement of the law and should have been given, yet since the case was heard on the merits and the judge found for the claimant and the trustee was directed to satisfy the claim of the adverse claimant in the sum of $978.64, thereby recognizing the form of the action, the plaintiff was not harmed by

the denial of this request. The tenth request was allowed, but the judge stated that the evidence failed to show lack of consideration.

The case was reported to the Appellate Division, which, after hearing and finding no prejudicial error in the conduct of the trial, dismissed the report. The entry must be

*Order dismissing report affirmed.*