ADDISON,
*January,*
1841.

Chapman
*v.*
Eddy.

RODMAN CHAPMAN *v.* SAMUEL EDDY.

It is no defence to a note, that the consideration thereof was a promise, by the payee, to give a deed of a pew, by a certain time thereafter, which was not done within the time specified, nor until after the commencement of an action on the note.

ASSUMPSIT, on a promissory note, executed by the defendant to the plaintiff, dated Dec. 11th, 1835, for $30,00, payable in two years from date, with interest.

Plea, non-assumpsit, and trial by jury.

On the trial in the county court, the execution of the note was admitted. It was proved by the defendant, that the note was given for an undivided share of a pew, in Bristol meeting-house, sold by the plaintiff to the defendant, on the day of the execution of the note, and that the plaintiff agreed and promised, on the execution of said note, to execute and deliver a deed of said undivided part of said pew to the defendant, or leave the deed at a certain store in Newhaven, for the defendant, in a few days after the execution of the note. The defendant went into possession of the pew, after the execution of the note, and had, without molestation, occupied it ever since, whenever he or his family had occasion so to do. Said deed was not executed and delivered to the defendant, nor left at said store, within a few days after the execution of the note; but, sometime after the commencement of the present action, the plaintiff executed and tendered a deed of said share of said pew to the defendant, but the defendant refused to accept it. The defendant contended that the execution and delivery of said deed, within said few days after the execution of the note, was a condition precedent, and that a right of action did not accrue on the note, until after the execution and delivery of the deed.

But the court charged the jury, that the evidence did not show a want of consideration for the note, and that the plaintiff was entitled to recover. The jury returned a verdict for the plaintiff, and the defendant excepted.

*Wm. P. Briggs* and *A. Peck,* for defendant.

1. The delivery of the deed of the pew was a condition to

be performed by the plaintiff, within the time specified by the contract, to give validity to the note.

2. There was an entire failure of consideration. The defendant received no property whatever for the note. The creditors of Chapman could have attached and held the property at any time before or after the commencement of this suit. *Jackson* v. *Warwick,* 7 T. R. 117. Chitty on Bills, 91.

The fact that the defendant occupied the pew when he chose, can make no difference, because the money to be paid, was for the title, and not for the use and occupation. In fact, the use and occupation was no part of the consideration, but a mere adjunct that might or might not be attached to the ownership. *Dickinson* v. *Hall,* 14 Pick. 217., *Rice* v. *Goddard,* same vol. 293. *Hill* v. *Buckminster,* 5 Pick. 391.

3. The defendant could not maintain a suit to compel the plaintiff to execute the deed, and the conduct of the plaintiff might well warrant the defendant in the belief that the plaintiff intended to shield himself under the statute of frauds.

*J. Pierpoint,* for plaintiff.

Proof of the execution of the note declared upon, by the plaintiff, entitles him, *prima facia,* to a verdict.

The case shows that the note was executed upon good and sufficient consideration. The contract for the sale of the share of the pew in Bristol meeting-house, with the agreement to execute a deed at a future period, is a sufficient consideration for the promise of the defendant to pay the price agreed upon according to the tenor of his note. The promises are mutual and independent, each constituting the consideration for the other. 1 Com. on Con. 14, 15. Powel on Con. 359, 60. 1 Strange, 535.

The testimony, introduced by the defendant, was inadmissible for any other purpose than to show a want of consideration for the note, for, parol evidence cannot be admitted to vary the terms of a written contract, or to show that a note, payable at a specified time, was agreed to be paid at another and different time, or upon the happening of some contingency. 3 Stark. 1002 n. 1004. 5. Com. Law. R. 268. *Woodbridge* v. *Spooner.* 2 Com. L. R. 427. 3 Camp. 57. 4 Com. L. R. 32. 5 Vt. R. 518.

Should it be said that the contract for the sale of the pew

ADDISON,
*January,*
1841.

Chapman
*v.*
Eddy.

comes within the statute of frauds, it is a sufficient answer to say that neither the bill of exceptions, nor the facts warrant the assertion; for the exceptions do not find that the contract was by parol, and the fact is the reverse. At all events if the defendant would avail himself of. this objection, he must prove the contract to have been by parol, and is not at liberty to infer it from the fact that he cannot prove it.

But, if the contract was by parol, still the case would show it out of the statute. Our statute on this subject is almost a literal copy of the English statute on the same subject, and the constructions which have been given to the English statute have been adopted in this state, as applicable to our statute. D. Chip. R. 185. Part performance of a parol contract has always been considered as taking the contract out of the statute, and although there has been much diversity of opinion as to what shall be considered such part performance as will produce this result, it has been uniformly held, that, when the purchaser of real estate goes into possession, under the contract of sale, and occupies the land, it is such a part performance of the contract as will take the case out of the statute. 1 Com. on Con. 81. Strange, 783. Prec. in Ch. 519. D. Chip. R. 185. 6 Vt. R. 386. Sugden's L. V. 72-3.

The opinion of the court was delivered by

COLLAMER, J.——Were the respective promises of these parties mutual, independent promises, each constituting the consideration for the other, or were they dependent, and the *performance* of the one a condition precedent and consideration for the other?

I. Had this whole contract been included in one instrument, there might have been some ground for insisting that the execution of the deed by the plaintiff was to precede the defendant's liability to pay. But when each party takes a separate instrument to secure the undertaking of the other, it is conclusive that they are *independent*. Here the defendant gave his unconditional note, and took of the plaintiff his promise afterwards to execute a deed. With that promise he was then content, and to that he must look. He cannot now, by parol, add a *condition* to his note.

II. Has the consideration of this note failed? When a

Addison,
January,
1841.

note is given for something done, or supposed to be done, executed and performed, at the time, and that wholly fails, it constitutes a defence. The case of *Jackson* v. *Warwick*, and the case of *Dickinson* v. *Hale*, cited by the defendant's counsel, are of this character. But what was the consideration of this note? It was the plaintiff's *promise* to execute the deed. That promise remains in full force, as binding as when made.

Both these points are fully decided in the case of *Spiller* v. *Westlake*, 2 Barn. & Adol. 155. 22 Com. Law. Rep. 49.

III. It is said the plaintiff's promise for a deed was void, by the statute of frauds, and, therefore, constituted no consideration. The case does not show that the promise was by parol. And even if it did so appear, the promise is not *void* by the statute. It is only voidable *by the promissor*, and good until avoided by him. The defendant has all for which he gave his note, the plaintiff's promise, and no fraud has been practised upon him. *Shaw* v. *Shaw*, 6 Vt. R. 69. *Philbrook* v. *Belknap*, id. 383.

Judgment affirmed.