Nicholson, C. J.,
delivered the opinion of the Court.
In May, 1861, Bethel sold to Brinkley a tract of land in the State of Arkansas and took his three notes, payable in one, two, and three years. At the time Brinkley executed . the notes, Bethel and wife executed and delivered to him a paper purporting to be a deed in fee simple, with covenants of warranty, which was delivered to and accepted by Brinkley as a deed of conveyance. To constitute the paper a conveyance of the fee simple title, a scroll or seal to the names of Bethel and wife was necessary under the laws of Arkansas. This requisite of a deed was omitted and not observed by either party. Brinkley settled and took up the first note, but failing to pay the other two, this suit was brought in the Municipal Court at Memphis, in December, 1867. Brinkley resisted the suit under the want of consideration for the notes. Judgment was rendered against him, from which he has appealed in error.
*788 It appears from the bill of exceptions, that the-fact relied on to support the plea of want of consideration, was the failure of Bethel and, wife to affix to their names seals, on account of which failure the -legal title to the land failed to pass. It appears further that on the trial of the cause and after the argument was closed, Bethel tendered to Brinkley in open Court a deed properly executed, recognizing and: confirming the first paper, which was refused by Brinkley, and that thereupon the Court allowed the deed so tendered to be read as evidence to the jury. Brinkley was examined as a witness, and stated that “the two notes are the basis of these suits, and are-still unpaid; the said deed, or supposed deed, was handed to me by plaintiff in consideration of said notes, and I took and received the same at said date-as a deed with covenants of warranty from plaintiff and wife for said land, and intended to and would have long since paid said notes, had I not conceived-that I- had been deceived in said purchase by not getting the use and possession of the lands so purchased. I do not here charge plaintiff with any intention to deceive me, but think he honestly thought what he. said was true. I thought when I purchased the same that I got a valid deed in the paper now in my hands, which is dated May 8th, 1861, the supposed deed of plaintiff and wife. There was no contract or agreement to give possession of the land— no contract beyond the deed itself,” &c.
No question is made here as fio the validity of the title of Bethel to the land; nor as- to the fact *789 that there were adverse claims to the land; nor could any such question be made; as it is shown by Brinkley’s own evidence that Bethel informed him of the existence of such adverse claim, and as by the law of Arkansas such adverse claim or possession would not affect the right of Bethel to sell, and convey a .good title.
The only question that can arise, under the pleadings and proof, in this case, is, Can Brinkley rely on the omission of Bethel and wife to affix • seals to their names — as signed to their deed — as a defense to their action under the plea of a failure of consideration? It is not denied that by the law of Arkansas a seal was essential to enable the contract to operate as a deed. But it does not follow that the contract was a nullity because for want of a seal it could not operate as a deed. It was, nevertheless, a valid written contract for the conveyance of the land, which vested in Brinkley all the. equitable title of Bethel, and bound him to convey the legal title of himself and wife. 14 Ark., 286; 5 John. Ch. R., 227.
Brinkley states in his evidence that there was no contract beyond the deed itself, — that he received it as a deed, and makes no charge that Bethel had not executed the contract just as Brinkley desired. There was, therefore, no fraud in the omission of the seals; and there is no proof that the instrument executed was not just such as Bethel intended to give and Brinkley intended to receive. Fraud being out of ’the way, no charge of failure of consideration could 'be predicated on the omission to affix the seals, unless *790 the contract was thereby rendered invalid and the instrument entirely void and worthless. But we have seen that the instrument, without the seals, operated' as a valid contract, by which Brinkley obtained the equitable title to the land.
But the question now arises, Could Bethel sue on. the notes before he had executed and delivered or-tendered to Brinkley a valid deed conveying the fee simple title of himself and his wife ? This question must be determined by reference to the terms and; character of the contract. Bethel sells to Brinkley a tract of land for a specific sum and takes his notes, payable at one, two, and three years from date, binding himself to make to Brinkley a fee simple title with covenants of warranty. Such is the legal import of the contract, resulting from the omission of the-seals. When, then, must Bethel make and deliver or tender the deed? Before he can demand payment of the notes or not? In 1 Pars. N. & B., 205, it is. said: “We must, however, discriminate between a failure of consideration and a failure of benefit resulting from it. A promises B to do a certain thing, and B makes his note to A in consideration of this-promise, then A fails entirely to perform his promise, but sues B on his note. If B retains Als promise, or if the contract is such that A is always and permanently held on his promise, B cannot defend against the note on the ground of a failure of consideration.”'
The reason of this rule is stated by Lord Tenterden, in Spiller v. Westlake, 2 B. & Ald., 155: “When,, by one and the same instrument, a sum ot money is. *791 agreed to be paid by one party, and a conveyance of estate to be at the same time executed by the other,, the payment of the money and the execution of the-conveyance may very properly be considered concurrent acts, and in that case no action can be maintained by the vendor to recover the money until he executes- or offers to execute a conveyance; but here the vendee, by a distinct instrument, agreed to pay part of the purchase money on the 2d of February. I can see no -reason why he should have executed a distinct instrument whereby he promised to pay a part of the-purchase money on a particular day, unless it was-intended that he should pay the money on that day at all events. In the cases cited, the concurrent acts-were stipulated for in the same instrument; here the-payment of the £200 (which was part of the purchase-money) was separately provided for.”
To the same effect are the cases of Trash v. Vinson, 20 Pick., 105; Maggridge v. Jones, 3 Camp., 38; 14 East, 486; Freligh v. Platt, 5 Cowen, 494. And in Chapman v. Eddy, 13 Vt., 205, it was held to be no-defense to a note, that the consideration thereof was a promise, by the payee, to give a deed of a pew, by a certain time thereafter, which was not done within the time specified, nor until after the commencement of the action on the note.
The cases of Klyce v. Broyles, 37 Miss., and Wakefield v. Joshua, 26 Ark., 506, to which we have been referred, are not in conflict with the cases cited. In both cases vendors had filed bills to enforce the vendor’s lien, having retained the legal title. They *792 alleged ,their readiness to make titles upon payment of the purchase money, but alleged no tender of deeds. For the want of this allegation demurrers were sustained to the bills, upon the ground that the promise to make title and the promise to pay the purchase money were mutual and dependent, and that neither party could insist on performance of the contract without an offer or tender of performance on his part. This is in harmony with the rule laid down by Lord Tenterden in Spiller v. Westlake, already quoted. The differences in the cases is, that in one the promises of the parties are concurrent and dependent — in the other they are not.
It follows, that in the case before us, the defense of failure of consideration could not be properly made, and that there was no error in the rulings of the Court below.
The judgment is affirmed.