HENRY G. HUBON *vs.* WALLACE M. PARK.

Essex.　Nov. 4, 1874. — Jan. 6, 1875.　AMES & DEVENS, JJ., absent.

A promise to a debtor to pay his debt to a third person is not a promise to answer for the debt of another, within the statute of frauds, Gen. Sts. c. 105, § 1, cl. 2.

One who, in consideration of another's promissory note to him, promises the other to pay the latter's debt to a third person, can maintain an action on the note without showing performance of his promise.

CONTRACT upon a promissory note signed by the defendant and payable on demand to the plaintiff. Writ dated March 13, 1872.

At the trial in the Superior Court, before *Wilkinson,* J., the plaintiff put in the note in suit and rested his case.

The defendant then offered evidence to prove, which the plaintiff admitted was true, that the consideration of the note was the verbal promise of the plaintiff that he would pay a certain debt of the defendant to two other parties; that the defendant had paid to the plaintiff on March 9, 1872, the sum of $25 on account of the note; and that at the time the action was brought the plaintiff had not paid anything on account of the debt for which the note was given, and did not pay anything on said debt till several months thereafter, but had paid the whole of it since.

The defendant asked the judge to rule, that, upon the facts admitted, the plaintiff could not maintain this action; that it was prematurely brought; that there was no consideration upon which an action could be maintained at the time it was commenced; and

that he was not entitled to a verdict which would entitle him to costs against the defendant, when he had not performed, at the time his action was brought, any part of the promise for which consideration this note was given.

The judge declined so to rule, and directed a verdict for the plaintiff, less the amount paid by the defendant; and the defendant alleged exceptions.

*C. Sewall*, for the defendant.

*S. B. Ives, Jr.*, for the plaintiff, was not called upon.

GRAY, C. J. ˙ The promise of the plaintiff to the defendant was not a promise to pay the debt of another, but to pay the defendant's own debt to a third person, and was not within the statute of frauds. *Alger* v. *Scoville*, 1 Gray, 391, 395. Although it had not been performed before the bringing of this action, it was a sufficient consideration for the defendant's note to the plaintiff. *Gower* v. *Capper*, Cro. Eliz. 543. *Nichols* v. *Raynbred*, Hob. 88 *b*. *Hodgkins* v. *Moulton*, 100 Mass. 309. *Backus* v. *Spaulding*, *ante*, 418.                    *Exceptions overruled.*