### JOHN M. TURNER *vs.* GEORGE E. ROGERS.

Hampshire.    Sept. 20. — 21, 1876.    COLT & MORTON, JJ., absent.

B. and C. being indebted to D., B. gave a promissory note to A., the agent of D., in payment thereof. When the note came due it was not paid, and A. agreed to assume the original debt and to transfer the note to C. on C.'s giving his promissory note to A. for the amount of the debt. *Held*, that C.'s note was given for a sufficient consideration.

Where two contracts between the same parties are distinct, and to be performed at different times, the non-performance of the one is no defence to an action on the other.

CONTRACT upon a promissory note for $203.60, signed by the defendant, dated January 27, 1875, and payable to the plaintiff three months after date. The answer contained a general denial, set up want and failure of consideration, failure on the part of the plaintiff to perform a condition precedent to the payment of the note, and fraud in procuring the same. The defendant also filed a declaration in set-off.

At the trial in the Superior Court, before *Wilkinson*, J., the due execution of the note was admitted, and the defendant offered to show, in support of the allegations in the answer, the following facts:

That the note in suit was, upon the terms hereinafter mentioned, given by the defendant to the plaintiff in renewal of, and by way of substitution for, a certain other note then outstanding and unpaid, held by the plaintiff against a certain company called the Pegging Machine Manufacturing Company, signed by the father of the defendant, as treasurer of the company, and by him indorsed, in his individual capacity and as payee of the note, to the plaintiff, in payment of certain premiums due from himself and the defendant, upon certain policies of insurance issued to each of them by the Connecticut Mutual Life Insurance Company, through the plaintiff, as agent of the same; that this last mentioned note had been several times renewed in favor of the father of the defendant, and for his accommodation solely; that the defendant was at no time a party thereto nor in any way liable thereon, he being at the time it was given in the employ of the machine company as bookkeeper, and having been duly charged upon its books for his proportion of the amount represented by the note, and holding a full receipt therefor from the plaintiff; that, before the note fell due, the parties to it, namely, the Pegging Machine Company and the father of the defendant, had both become insolvent, and the note was retained in the hands of the plaintiff as of little or no value; that a further premium having become due in the mean time upon the policy of the father, he was applied to by the plaintiff to pay it and save the policy from cancellation; that, because of the inability of the father to respond, by reason of his embarrassments, the defendant was then applied to for the same purpose, and for a like reason could not respond; that finally the plaintiff, not succeeding in his endeavor to obtain the payment of the premium in this way, did, with the view of securing to the defendant's father all the advantages arising from the due and prompt payment of the said premium, enter into the following stipulation and agreement with the defendant: that if the defendant would give to the plaintiff the note in suit, taking up therewith the note before mentioned as held

against the Pegging Machine Company, and realizing thereon whatever dividend might in due time be declared thereon, upon the winding up of the affairs of the company, then the plaintiff would assume and provide for the said payment until such time as the defendant should receive what amount might be due him for services rendered to the machine company, and which was in amount sufficient to cover the said payment, and the policy should remain in force; that, solely upon the defendant's faith and reliance in the plaintiff's performance of the foregoing stipulation and agreement, and upon its performance as a condition essential to the plaintiff's right to hold the defendant upon the note in suit, and for no other influential inducement or consideration, was the note given by the defendant to the plaintiff; that the defendant had no sooner given the note, than forthwith, and long before the time agreed on for the plaintiff's forbearance had elapsed, the plaintiff demanded the premium of the defendant, and threatened to cancel the policy of the defendant's father unless the demand was immediately complied with, by reason whereof the defendant was obliged to pay and did pay the premium at once and much sooner than he otherwise would, and, for the plaintiff's breach of his agreement, claimed now to be relieved from all liability on the note in suit.

The judge ruled that these facts would not afford a defence to the action, in whole or in part, and ordered a verdict for the plaintiff for the amount of the note and interest. The defendant alleged exceptions.

*C. G. Delano*, for the defendant.

*T. R. Pelton*, for the plaintiff.

By THE COURT. The agreement of the plaintiff and the transfer to the defendant of the other note were a sufficient consideration for the note in suit. *Hubon* v. *Park*, 116 Mass. 541. The contracts of the plaintiff and of the defendant being distinct, and to be performed at different times, the non-performance of the one is no defence to an action on the other. Upon the question of set-off, no ruling appears to have been made at the trial.                        *Exceptions overruled.*