## C. TRONSON *vs.* COLBY UNIVERSITY.

Opinion filed November 9, 1900.

**Mortgage—Cancellation—Consideration.**

> A. executed and delivered to B. his non-negotiable promissory note, and secured the same by mortgage upon realty. B., in consideration thereof, agreed to have certain claims against A., which were held by third parties, and which were liens upon such realty, satisfied of record, no time for performance being fixed. B. sold the note and assigned the mortgage to C., but failed to have the prior liens satisfied in whole or in part. A. brings an action against C to have the note and mortgage canceled. *Held,* that the action could not be maintained.

**Mutual Promises But Independent.**

> The promise to pay made by A., and the promise to procure satisfaction made by B., furnished each the consideration for the other; but they were independent promises, the breach of either furnishing an undisputed cause of action to the other party, and they could not become dependent by lapse of time.

Appeal from District Court, Traill County; *Pollock, J.*

Action by C. Tronson against the president and trustees of Colby University. Judgment for plaintiff. Defendant appeals.

Reversed.

*Tracy R. Bangs,* for appellant.

The note in suit is drawn with a stipulation for the payment of current rate of exchange in New York City in gold, or its equivalent, its negotiability is thereby destroyed. *Flagg* v. *School District,* 4 N. D. 30. In every other respect it is a perfect and valid promissory note. *Hastings* v. *Thompson,* 54 Minn. 182, 55 N. W. Rep. 968, 21 L. R. A. 178; *Whittle* v. *Bank,* 26 S. W. Rep. 1106. The note was given to McLaughlin in consideration of the $170 in money and the latter's agreement to use the balance of the loan in paying off and securing the discharge of certain indebtedness due from Tronson to third parties. In this transaction there was a good, valuable and sufficient consideration for the $1,000 note. Consideration in bills and notes is some right, interest, profit or benefit accruing to the one party, or some forbearance, loss, or in other words, detriment suffered by the other. Bigelow on Bills & Notes, 213; *Currie* v. *Nind,* Law Rep. 10 Exch. 162. It is always sufficient to hold the note if the maker thereof got what he contracted for whether that consideration be commensurate to the amount of money stated in the note, as measured by the ordinary theories of value, being entirely immaterial. *Wolford* v. *Powers,* 85 Ind. 294, 44 Am. Rep. 16; *Earl* v. *Peck,* 64 N. Y. 596; *Amherst Academy* v. *Cowls,* 23 Mass. 427, 17 Am. Dec. 387. The true consideration for the note and mortgage now in controversy was the money in hand paid by McLaughlin to Tronson, and McLaughlin's contract to become respondent's agent and pay off certain of respondent's debts. This

was sufficient consideration to support the note and mortgage. *Chapman* v. *Eddy,* 13 Vt. 205; *Earle* v. *Angell,* 32 N. E. Rep. 164; *Trask* v. *Vinson,* 20 Pick. 105; *Hubon* v. *Park,* 116 Mass. 541; *Turner* v. *Rogers,* 121 Mass. 12; *Hodgkins* v. *Moulton,* 100 Mass. 309; *Gutlon* v. *Marcus,* 43 N. E. Rep. 125; *Wells* v. *Sutton,* 85 Ind. 70; *Thompson* v. *Thompson,* 43 Ky. 502; *Lindell* v. *Rokes,* 60 Mo. 249, 21 Am. Rep. 395; *Hamer* v. *Sidway,* 21 Am. St. Rep. 693; *Wright* v. *Wright,* 54 N. Y. 437; *Gould* v. *Banks,* 24 Am. Dec. 90; *Overton* v. *Curd,* 8 Mo. 420; *Babcock* v. *Wilson,* 25 Am. Dec. 263; *Davis* v. *Calloway,* 95 Am. Dec. 671; *Howe* v. *O'Mally,* 3 Am. Dec. 693; *Sharon* v. *Sharon,* 8 Pac. Rep. 614; *VanEpps* v. *Redfield,* 68 Conn. 39, 34 L. R. A. 360; *Provenshee* v. *Piper,* 36 Atl. Rep. 552; *Pullman* v. *Booth,* 28 S. W. Rep. 719; *Gunn Co.* v. *Braendly,* 51 N. Y. Supp. 93; Daniels on Neg. Inst. § 187; Randolph, Com. Paper, § § 479-481. Respondent is not entitled to the relief prayed for, viz: the cancellation of the note and, mortgage, because he has shown no mistake; he got all he contracted for. He has shown no fraud or accident. The note is non-negotiable, was past due when respondent commenced this action. No ground for the exercise of equity jurisdiction for the cancellation of a written instrument is alleged or proven. *Lewis* v. *Tobias,* 10 Cal. 575; *Field* v. *Holbrook,* 14 How. Prac. 108; *Hamilton* v. *Cummings,* 1 Johns. Chan. 517; Pom. Eq. Jur. § 1377. There must be a controlling reason for coming into equity. *Boyd* v. *Boyd,* 33 N. E. Rep. 568. Relief is never given as against an innocent purchaser. Pom. Eq. Jur. § § 776, 871 and 918. Tronson made his note and mortgage to McLaughlin for a good and complete consideration. He thus put it in McLaughlin's power to transfer the securities. The instruments were valid in their inception and valid when taken by the Colby University. They are still valid and cannot be delivered up and cancelled without working an injustice to the present holder. 18 Enc. Pl. & Prac. 750, note 2; *Brown* v. *Boyd,* 158 Mass. 470, 33 N. E. Rep. 568; *Dixon* v. *Wilmington Trust Co.,* 20 S. E. Rep. 464; *Mayes* v. *Robinson,* 5 S. W. Rep. 611. There was no time specified for the performance of the promise of McLaughlin to secure releases of the prior incumbrances. Plaintiff must therefore allege and prove a demand and refusal to perform, or that McLaughlin is insolvent and unable to perform. *Worley* v. *Mourning,* 4 Ky. 254; *Hamble* v. *Tower,* 14 Ia. 530; *Morey* v. *Enke,* 5 Minn. 392; *Adkins* v. *Farrell,* 42 S. W. Rep. 1145; *Mount Joy* v. *Mullikin,* 16 Ind. 226; *Gray* v. *Greene,* 9 Hun. 334; *Parker* v. *Parker,* 9 South. Rep. 426; *Tom* v. *Wollhoefer,* 61 Tex. 277; *Charpaux* v. *Bellocq,* 31 La. Ann. 164; *Duggar* v. *Dempsey,* 43 Pac. Rep. 357; *Axtel* v. *Chase,* 77 Ind. 74; *Maness* v. *Henry,* 11 South. Rep. 410.

*J. A. Sorley,* for respondent.

Tronson executed to McLaughlin his note secured by mortgage, in consideration whereof McLaughlin agreed to take up and satisfy

of record a mortgage amounting to $616, and judgments amounting to $201, which he failed to do. Was the agreement dependent or independent? It will be construed as dependent unless a contrary intention appears from the terms of the contract itself. *Davis* v. *Jefferies,* 58 N. W. Rep. 815; *Lester* v. *Jewett,* 11 N. Y. 453; *Kane* v. *Hood,* 13 Pick. 281; *Swan* v. *Drury,* 22 Pick. 485; *Williams* v. *Healey,* 3 Denio, 363; *Grant* v. *Johnson,* 5 N. Y. 247; *Parker* v. *Parmele,* 20 Johnson, 130; *Galvin* v. *Prentice,* 45 N. Y. 162; *Dunham* v. *Pettee,* 8 N. Y. 508; *Smith* v. *Lewis,* 26 Conn. 110; *Clark* v. *Weis,* 87 Ill. 438; *Wagon Co.* v. *Crocker,* 4 Fed. Rep. 578; *Perry* v. *Connell,* 31 S. W. Rep. 685. If the note in question had been made payable at a time so soon after its execution that McLaughlin could not with reasonable diligence have secured satisfaction of mortgage and judgments, then a recovery could be had in an action commenced when the note fell due without showing a compliance with his part of the agreement, but if he delayed bringing the suit until a time when satisfactions should have been secured then a compliance with his agreement must be shown before a recovery can be had. *First Nat. Bank of Madison* v. *Spear,* 80 N. W. Rep. 166; *Bank* v. *Hagner,* 1 Peters, 455; *Loud* v. *Water Co.,* 153 U. S. 564; *Hogan* v. *Kyle,* 35 Pac. Rep. 399; *Divine* v. *Divine,* 58 Barb. 264; *Underwood* v. *Tew,* 34 Pac. Rep. 1100; *Shelly* v. *Mikkelson,* 63 N. W. Rep. 210, 5 N. D. 22. The validity of the defense of want of consideration was passed on in *Flagg* v. *School District,* 5 N. D. 191; *Towle* v. *Greenberg,* 6 N. D. 37, 68 N. W. Rep. 82. A partial failure of consideration is a good defense *pro tanto.* 4 Am. & Eng. Enc. L. (2d Ed.) 195. The facts set out in the complaint are sufficient to invoke the aid of a court of equity. 3 Pom. Eq. Jur. 1188, 1233; 1 Pom. Eq. Jur. 166, 170 and 171; *Heywood* v. *City of Buffalo,* 14 N. Y. 534; *Ward* v. *Dewey,* 16 N. Y. 519; *Byne* v. *Vivian,* 5 Ves. 604; *Crooke* v. *Andrews,* 40 N. Y. 547; *Marsh* v. *City,* 59 N. Y. 280; *Lewis* v. *Tobias,* 10 Cal. 575; *Field* v. *Holbrook,* 14 How. Prac. 108; *Pierce* v. *Webb,* 3 Barb. Ch. 16; *Jackman* v. *Mitchell,* 13 Ves. 581; *Hayward* v. *Dimsdale,* 17 Ves. 111; *Petit* v. *Shepherd,* 5 Paige, 498; 2 Story's Eq. Jur. 700; *Ryerson* v. *Willis,* 81 N. Y. 277; *Fitzmaurice* v. *Mosier,* 16 N. E. Rep. 175; *Otis* v. *Gregory,* 13 N. E. Rep. 39. A party to an instrument which is of no legal force or validity whatever may ask the aid of a court of equity in procuring its surrender and cancellation. *Bishop* v. *Moorman,* 98 Ind. 1; *Scobey* v. *Walker,* 15 N. E. Rep. 674; *Brown* v. *Kranse,* 23 N. E. Rep. 1012; *Honnan* v. *Hartmentz,* 27 N. E. Rep. 731. A court of equity will freely rescind a conveyance by parents to a son in consideration of his covenant to support them, in case of a breach of such covenant. *Morgan* v. *Loomis,* 48 N. W. Rep. 109; *Blum* v. *Bush,* 49 N. W. Rep. 142; *Lampery* v. *Lampery,* 12 N. W. Rep. 514; *Mansfield* v. *Mansfield,* 52 N. W. Rep. 290; *Barker* v. *Smith,* 52 N. W. Rep. 723.

Such a court of equity will lend its aid to cancel a mortgage that is claimed to have been paid. *Donaldson* v. *Wilson*, 44 N. W. Rep. 429; *Ingals* v. *Bond*, 33 N. W. Rep. 404; *Shilling* v. *Darmody*, 52 S. W. Rep. 291; *Rogers* v. *Day*, 74 N. W. Rep. 190. By going to trial without raising the point, either by demurrer or answer, appellant cannot now for the first time be held to question respondent's right to the relief prayed. *Black* v. *Miller*, 50 N. E. Rep. 1009; *Stout* v. *Cook*, 41 Ill. 447; *Ryan* v. *Duncan*, 88 Ill. 144. An objection to the jurisdiction of the court that there is a perfect remedy at law cannot be made for the first time at the hearing, it should be taken by demurrer to the bill or by answer. 1 Enc. Pl. & Prac. 883; *Clay* v. *Greenwood*, 53 N. W. Rep. 659; *Corey* v. *Sherman*, 60 N. W. Rep. 232; *Buck* v. *Young*, 27 N. E. Rep. 1006; *Mayes* v. *Goldsmith*, 58 Ind. 94; *Day* v. *Henry*, 4 N. E. Rep. 44; *Lauder* v. *Green*, 46 N. W. Rep. 1108; *Benjamin* v. *Vieth*, 45 N. W. Rep. 731; *Gould* v. *Hurto*, 15 N. W. Rep. 588; *First Nat. Bank* v. *Rowley*, 61 N. W. Rep. 195; *Bright* v. *Ecker*, 68 N. W. Rep. 326; *McVey* v. *Marratt*, 45 N. W. Rep. 548; *Dodge* v. *Davis*, 52 N. W. Rep. 2; § 5272, Rev. Codes; *Kolka* v. *Jones*, 71 N. W. Rep. 558.

BARTHOLOMEW, C. J. This is an action in equity to cancel a certain note for $1,000 held by defendant against plaintiff, and to cancel and satisfy of record a mortgage upon real estate given to secure said note. Plaintiff was successful below. There is but one question in the case, and that is a question of law. The undisputed facts show that in January, 1889, the plaintiff borrowed from one S. W. McLaughlin the sum of $600, and gave McLaughlin his promissory note for said sum, due December 1, 1893, and bearing interest at the rate of 8 per cent. per annum before maturity, and 12 per cent. after maturity. To secure this note plaintiff executed and delivered to McLaughlin a mortgage upon certain land in Traill county, which was recorded January 24, 1889. Prior to March 30, 1893, judgments in favor of four different parties had been docketed against plaintiff in Traill county. These judgments amounted to about $1,200. A few days after the note and mortgage above mentioned were given, McLaughlin sold the note and assigned the mortgage to one Brooks, and the assignment was recorded February 1, 1889. On March 30, 1893, and prior to the maturity of the note for $600, plaintiff made another loan from said McLaughlin for the sum of $1,000, for which amount he executed his note to said McLaughlin, secured by mortgage upon the same land. At the time this note was executed it was non-negotiable, by reason of the fact that it contained a provision for current exchange on New York. *Flagg* v. *School District*, 4 N. D. 30, 58 N. W. Rep. 499, 25 L. R. A. 363. A few days after their execution the note was sold and mortgage assigned by McLaughlin to defendant, who now holds and owns the same. It is clear, under the evidence, that at the time of the execution and delivery of this note and mortgage the plaintiff received no money from McLaughlin. He made this loan for the

purpose of taking up the existing liens upon his land, to-wit: the mortgage for $600 and the judgments already mentioned; and McLaughlin promised to get the mortgage and the judgments satisfied upon the records in Traill county, and send proofs of such satisfactions to plaintiff, and to send plaintiff any balance from the $1,000 loan that should be coming to him. Subsequently he sent plaintiff a check for $176.60, but he never paid the outstanding mortgage of $600 or the judgments, or any portion of either. Plaintiff, having paid interest upon the last loan in excess of the amount of cash received thereon, now seeks to cancel the note and mortgage by reason of the facts stated. It is evident that whether he can succeed or not depends upon whether or not his promise to pay was dependent upon the fulfillment of McLaughlin's promise to procure release of the prior mortgage and judgments. If the promise was thus dependent, then the consideration for the note has to that extent failed, and plaintiff's equity is inherent in the note, and in McLaughlin's hands the note would represent no indebtedness, and, the note not being negotiable, defendant would stand in no better position. But, on the other hand, if plaintiff delivered his promise to pay, relying upon McLaughlin's promise to secure the releases,— in other words, if McLaughlin's promise was the consideration for the promise to pay,—then there was a full consideration for the promise to pay, and no equity in plaintiff's favor inheres in the note. He may have his cause of action for damages against McLaughlin for breach of contract, but he cannot avoid his liability upon the note. The industry of counsel for the respondent has enabled him to cite many cases where the question of dependence or independence of promises was discussed. But the cases cited do not aid us to any extent. He cites *Lester* v. *Jewett*, 11 N. Y. 453,— a leading case, and one that cites many authorities. In that case the defendant agreed in writing to purchase certain shares of stock at a future day certain, and at a stated price. The vendor sought, after the date for performance, to recover the purchase price. The court held that to entitle him to recover he must aver and prove a tender of the stock, as the promises were dependent. This principle is always enforced in contracts of sale unless there are special circumstances. The law presumes the promises to be dependent unless the contrary clearly appears. The vendor cannot recover the purchase price unless he tenders the goods and demands payment. The vendee cannot recover damages unless he tenders payment and demands the goods. Respondent cites and quotes from the late case of *Davis* v. *Jeffris* (S. D.) 58 N. W. Rep. 815. There two parties entered into a contract by which, for a price to be paid by one, the other agreed to construct a building equipped with certain patent machinery, to be used in carrying on the business for which the building was designed; the builder agreeing to procure a deed from the patentee conveying the right to use the machinery in such building. The builder sued to recover the contract price, without furn-

ishing the grant from the patentee. The court held that he could not recover; that the grant was a thing of value, without which the machinery might prove of no value to the other party; and that the promise to procure the grant and the promise to pay were dependent. We note these facts only to show the manifest distinctions between those cases and the case at bar. Respondent also relies upon *Perry* v. *Connell* (Tex. Civ. App.) 31 S. W. Rep. 685, and that case is more nearly in point. There the defendant gave his note to plaintiff in consideration of the delivery to him of a note that he had previously given to a third person, and which plaintiff represented was in his possession and belonged to him. The note was never delivered up. The court denied a recovery by plaintiff. As the case is reported, we cannot see that the principle involved is different from what it would have been had the note been given in consideration of a loan of money then to be made, and the payee had taken the note, but declined to pay over the money. In other words, it was a promise to do a certain act in præsenti,—something that should be consummated then and there; and in the contemplation of the parties it was the completed act, and not the promise, that furnished the consideration for the note.

In the case at bar it was well known and understood that the promise made by McLaughlin could not then be consummated, nor was any definite time fixed for its consummation. The note and mortgage were executed and delivered in Grand Forks county. The releases were to be made upon the records of Traill county. The note secured by the old mortgage would not be due until eight months after the execution of the second mortgage. McLaughlin did not own it or pretend to own it. An assignment by him of the old mortgage had been on record for four years. There is nothing to indicate that the holder of the note would accept payment before maturity. The judgments must be satisfied. McLaughlin could not satisfy anything. His promise was, primarily, to procure others to act. It was only the acts of third parties that could benefit plaintiff. For these reasons it is apparent that the parties did not understand that the promise to pay and the promises to procure the releases of the liens were dependent promises. This may appear in a stronger light if we change parties defendant and the cause of action. Let us suppose that, after waiting a reasonable time for McLaughlin to procure the releases, plaintiff had paid the prior liens, and then brought action against McLaughlin to recover damages for the breach of his agreement to procure such releases; would it be contended that McLaughlin could defeat the action by alleging that plaintiff had not paid his note of $1,000, and that the performance of the promise to procure the releases was dependent upon the performance of plaintiff's promise to pay? And yet, if those promises were dependent, they were mutually dependent. We conclude, then, that the promise to procure the releases, and not the fulfillment of that promise, constituted the consideration of the note.

See, upon this point, *Chapman* v. *Eddy,* 13 Vt. 205; *Trask* v. *Vinson,* 20 Pick. 105; *Earle* v. *Angell,* 157 Mass. 294, 32 N. E. Rep. 164; *Hubon* v. *Park,* 116 Mass. 541; *Hodgkins* v. *Moulton,* 100 Mass. 309; *Turner* v. *Rogers,* 121 Mass. 12. But, conceding that the promises were independent when made, respondent insists that they had become dependent when this action was commenced. He cites the familiar instances where a party contracts for the sale of real estate, and takes notes for the purchase price, maturing at different times, and contracting to execute to the payee a deed of the land upon full payment. Of course each note except the last may be sued upon as it matures, without reference to the execution of the deed. No action can be maintained upon the note last maturing without a tender of the deed. As to that note the promises were dependent from the first. If the grantor permits all the notes to run until the maturity of the last, and then brings suit upon all, he can recover nothing without tendering a deed. This is familiar law. See *Shelly* v. *Mikkelson,* 5 N. D. 22, 63 N. W. Rep. 210, and cases cited. By electing to permit all payments to run until the last becomes due, the grantor treats all as becoming due at that time; but performance upon his part is then due, and by his own act he has made the entire payment dependent upon his performance. Respondent insists that, as the time for performance upon McLaughlin's part has elapsed, no recovery could be had upon the note without pleading performance upon McLaughlin's part. We think this is fallacious, and that the principle invoked cannot be applied to this case. No portion of plaintiff's promise to pay was ever made, by contract, dependent upon performance by McLaughlin. No time was ever fixed for performance by McLaughlin. No demand for performance was ever made upon him, so far as the record shows. He may yet perform, for aught that appears. If he fail; plaintiff has his independent right of action against him for damages. Suppose, to repeat an illustration, that plaintiff were asserting that right of action against McLaughlin now; could McLaughlin defend by alleging plaintiff's failure to pay the note for $1,000? Clearly not. Performance by McLaughlin could not be made to depend upon such payment. And if payment were overdue it could make no difference. These propositions need no support. Plaintiff cannot recover upon this record. Had plaintiff been forced to pay those prior liens, or had he voluntarily paid them, a different case might be presented. Upon that we express no opinion. The record clearly shows that nothing has been paid upon those claims. In the judgment of this court, the action should be dismissed. The District Court is directed to set aside its judgment entered herein, and enter judgment dismissing the action. Reversed. All concur.