Atlantic Building Supply Company, Respondent, *v.* Vulcanite Portland Cement Company, Appellant.

Bailment — contracts — person in possession of property of another, as bailee, cannot appropriate it under, and for the purpose of carrying out, another contract between the same parties.

A party having in his possession property of another as bailee has no right to appropriate it contrary to the direction of the owner for the purpose of carrying out the terms of another and independent contract between them, by which the owner was to sell and deliver to such bailee property of like character. Such action on the part of the bailee justifies the owner in canceling the contract of bailment.

*Atlantic Building Supply Co.* v. *V. P. Cement Co.*, 137 **App. Div.** 907, reversed.

(Argued June 13, 1911; decided October 3, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 4, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. F. Upson* and *William Forse Scott* for appellant. Plaintiff was guilty of conversion of the cement it held for defendant, and thus invited and justified a rescission of the contract. (Greenl. on Ev. § 642; *Murray* v. *Burling*, 10 Johns. 172; *Bristol* v. *Burt*, 7 Johns. 254; *Frishberg* v. *Wissner*, 125 App. Div. 627; *Buchanan* v. *Smith*, 10 Hun, 474; *Collins* v. *Bennett*, 46 N. Y. 490; *Ross* v. *Southern C. O. Co.*, 41 Fed. Rep. 152; *Homer* v. *Thwing*, 3 Pick. 492; *Kowing* v. *Manly*, 49 N. Y. 192; *Ouderkirk* v. *Central Bank*, 119 N. Y. 263; *Clark* v. *Whitaker*, 19 Conn. 319; *Osgood* v. *Nichols*, 5 Gray, 420: *Bursley* v. *Hamilton*, 15 Pick. 40; *Simpson* v. *Wrenn*, 50 Ill. 222.)

*Edward D. O'Brien* for respondent. Taking cement from the defendant's stock at Jersey City afforded no

ground for rescission of the trucking contracts, inasmuch as plaintiff had an express contract with the defendant entitling it to a quantity of cement in excess of the quantity taken; and the trucking contracts and the contract relating to the sale of cement to the plaintiff as a dealer were separate and distinct, having no relation to each other, and, therefore, a breach of the cement contract on the part of the plaintiff, if breach there was, does not affect plaintiff's right to recover under the trucking contract. (*Milage* v. *Woodward*, 186 N. Y. 252; *Joost* v. *B. H. R. R. Co.*, 113 App. Div. 499; *People* v. *Waters*, 114 App. 669; *Wyse* v. *Wyse*, 155 N. Y. 367, 372; *Sternaman* v. *Met. Life Ins. Co.*, 94 App. Div. 610; *Kenyon* v. *Knights Templars Assn.*, 122 N. Y. 247; *Nichols* v. *Mase*, 94 N. Y. 160; *West Shore R. R. Co.* v. *Hart*, 35 Hun, 576; *Pordage* v. *Cole*, 1 Saund. 320; *Jones* v. *Barkley*, 2 Doug. 689.)

Cullen, Ch. J.  The plaintiff dealt in the supply of building materials and transportation of the same.  The defendant was engaged in the manufacture and sale of cement.  The plaintiff made a contract with the defendant for the purchase of five thousand barrels of cement to be delivered from time to time.  Subsequent to the execution of this contract the parties entered into another contract by which the plaintiff agreed to receive and store all the cement that the defendant might ship to Jersey City and deliver it from time to time to the various parties the defendant might direct, at specified rates.  The contract was to last for one year or until ninety days' after notice of its termination.  The parties entered upon the discharge of this last contract and during its prosecution the plaintiff, against the direction and command of the defendant, took from time to time such quantities of the cement as it wished, claiming the right to do so under the executory contract of purchase.  For this reason, among others, the defendant refused to further

employ the plaintiff in the storage or transportation of its cement and for that breach of the contract the plaintiff brought this action. Against defendant's motion for the direction of a verdict and its exception to the denial thereof the court submitted it to the jury to determine as a question of fact whether the defendant had legal justification for canceling the contract. It denied the defendant's request to charge that "If the plaintiff took the cement for its own purpose without authority the discharge was justified."

It is conceded that the two contracts between the parties, the one for the purchase of the cement and the other for the storage and transportation of that article, were entirely independent. It requires no argument to show that whether the first contract be considered one for the purchase of an article to be manufactured or for the purchase of an existing article, the plaintiff acquired no title to any cement until it was delivered to it by the defendant or the particular articles to be delivered were designated and identified. (*Andrews* v. *Durant,* 11 N. Y. 35; *Kein* v. *Tupper,* 52 N. Y. 550; *Foot* v. *Marsh,* 51 N. Y. 288.) The contracts being independent the the rights and obligations of the plaintiff under each contract were no greater nor different from what they would have been had there been no other. Under the trucking contract, for the breach of which this suit is brought, the plaintiff was the mere bailee of the defendant, and it engaged to follow its directions in the delivery of the cement. The fact that the plaintiff had also the contract for purchase, already mentioned, gave it no more right, against the defendant's direction, to appropriate, under that contract of purchase, the cement in its possession as bailee than it would have had to take the property from any other bailee of the defendant. Nor had the plaintiff as bailee any greater right to take the property than it would have had to deliver it over to some other party who had or claimed to have a contract with

the defendant for the purchase of cement. It is true that the defendant was under an obligation to sell the plaintiff cement. For a failure to comply with that obligation it was doubtless liable for damages; but it may have been under similar obligations to many other parties, all of which obligations it was unable to keep. This failure may not have been the result of any moral fault, but of accident or misfortune. However that may be, the cement was the defendant's property, and it had the right to deliver it to whom it saw fit, remaining liable to the plaintiff for damages for the breach of its contract to sell, and the plaintiff, as bailee under the trucking contract, had no greater right to dispose of it, contrary to the defendant's instructions, than a shipping clerk in the latter's employ would have had. The defendant's cancellation of the contract was, therefore, justified as a matter of law, and the complaint should have been dismissed.

The judgment should be reversed and a new trial granted, costs to abide the event.

GRAY, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.