CHARLES F. NICHOLSON & another *vs.* AMERICAN HIDE AND LEATHER COMPANY.

AMERICAN HIDE AND LEATHER COMPANY *vs.* CHARLES F. NICHOLSON & another.

Suffolk.    October 7, 8, 1940. — November 27, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Sale*, Construction of contract of sale; Warranty. *Contract*, Construction. *Evidence*, Presumptions and burden of proof. *Pleading, Civil*, Specifications.

A ruling, that a contract of sale resulting from an order given for goods in 1934 was separate, entire and distinct from that resulting from an order given for the same amount of goods of the same description in 1936 before all the goods covered by the first order had been delivered, disclosed no error.

In an action by a seller of goods against the buyer for the purchase price, a specification by the defendant, in response to a request for specifications as to "all the grounds upon which" he "based . . . [his] refusal to accept the" goods, that the goods supplied by the seller on a previous order were not of proper quality and caused damage when used, precluded the buyer from relying on a defence that there was a

breach of warranty as to the quality of the goods which were the subject of the action.

A buyer of goods, who, at the trial together of an action against him for the purchase price and of a cross action by him against the seller for damages due to breach of warranty, elected to rely on the cross action rather than on a claim of recoupment in the original action, did not sustain the burden, which was upon him, of proving breach of warranty by the seller merely by showing that goods shipped under a previous separate contract of sale of goods of the same description were not up to standard.

A statement by a buyer to the seller in October, that "we had a lot of trouble with your" goods, made after a discovery by the buyer in the previous spring that the goods did not comply with a warranty, as a matter of law was not given within a reasonable time and did not assert a violation of the buyer's rights for which damages would be sought, and therefore a claim by the buyer against the seller for the breach of warranty was barred.

CONTRACT. Writ in the Superior Court dated January 5, 1937; also an action of

CONTRACT OR TORT by the defendant in the first action against the plaintiffs therein. Writ in the Superior Court dated March 5, 1937.

The actions were heard together by *Kirk*, J., who found for the plaintiffs in the first action in the sum of $1,721.15 and for the defendants in the second action.

*G. C. Scott*, (*P. D. Turner* with him,) for American Hide and Leather Company.

*S. H. Kalish*, for Nicholson and another.

RONAN, J. The plaintiffs in the first case, dealers in sandpaper, seek by a count upon an account annexed to recover the purchase price, storage charges and interest upon a sale of two hundred rolls of buffing paper in accordance with order numbered 2022 given to them by the defendant, a corporation engaged in the manufacture of leather.[1] The second action was brought by the corporation to recover for damage to its leather, arising from a breach of warranty in the sale of buffing paper under an order numbered 3062, which was given by it previously to order 2022, and for damages sustained in purchasing a supply of buffing paper in place of that included in order

---

[1] The defendant "pleaded general denial and breach of warranty."— REPORTER.

2022 and at a price in excess of that fixed in this order, on the ground that the breach of warranty of the goods sold under order 3062 justified it in refusing to accept the paper included in order 2022. The corporation, hereinafter referred to as the buyer, in answer to a motion by the plaintiffs Nicholson and Murray, hereinafter referred to as the sellers, for specifications as to "all the grounds upon which the" buyer "based its refusal to accept the" paper covered by order 2022, specified that the "material supplied by . . . [the sellers] on prior orders [order 3062] was not of the same quality as originally supplied and damaged . . . [the buyer's] leather." The judge found for the sellers in each case. The buyer excepted to the denial of three of its requests for rulings and to the granting of four of the requests made by the sellers.

The bill of exceptions, which sets forth portions of the testimony of various witnesses, states that it contains all the evidence material to the questions of law raised by the buyer. The bill also states that the findings of fact made by the judge were warranted by the evidence. These findings must therefore be considered as final unless shown to be vitiated by some error of law. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139. *Kennedy Bros. Inc.* v. *Bird*, 287 Mass. 477. *Howard* v. *Malden Savings Bank*, 300 Mass. 208.

It appears from these findings that the buyer, on May 16, 1934, gave order 3062 for the purchase from the sellers of one hundred rolls of "5/0 sandpaper" and one hundred rolls of "6/0 sandpaper" to be delivered as called for. This order was given after the buyer had tested and experimented in order to determine what grade of paper could be used by it in manufacturing leather, and had determined on its own independent judgment that grades 5/0 and 6/0 were fit for its particular purposes. The sellers knew that uniformity in the abrasive qualities of the paper was required for the buyer's manufacturing process but that absolute uniformity was an impossibility although a reasonable degree of uniformity was possible and essential. The buyer, on April 15, 1936, gave the sellers order 2022 for one hundred rolls of 5/0 sandpaper and one hundred

rolls of 6/0 sandpaper, which was to be taken by the buyer on individual orders within six months. Some of the shipments of paper under order 3062 were received before and some after order 2022 was given. The paper included in both orders was manufactured in England. There was no express or implied warranty that the paper covered under either order was fit for any particular use by the buyer but there was an implied warranty that the paper covered by both orders would be reasonably uniform as to abrasive qualities in accordance with the standard originally selected by the buyer. The last four shipments made under order 3062 did not comply with this warranty. The judge found that the buyer discovered, in the spring of 1936, that the paper was scratching its leather because of lack of uniformity of the abrasive qualities of the paper, but it did not notify the sellers until the middle of October, 1936, and that such notice was not given within a reasonable time and was not an assertion of a violation of any legal rights of the buyer. He also found that the paper for order 2022 was manufactured in England and was shipped to the sellers, who placed it in a warehouse, notified the buyer, and requested shipping instructions. No instructions were received, and the buyer notified the sellers in November, 1936, that it would not accept delivery of the paper. The paper remains intact in the warehouse. There was no evidence tending to show whether this paper conformed with the implied warranty of reasonable uniformity of abrasive qualities. The judge found that title to this paper passed to the buyer, and that orders 3062 and 2022 constituted two separate, entire and distinct contracts.

The ruling that the two orders constituted separate contracts was right. One order was given in 1934 and the second in 1936. Each order contained two distinct items with a particular price for each item. The purchase under the order of 1934 was for a different lot of goods from that included in the order of 1936, although both purchases were for similar goods. Each transaction was a complete contract in itself. It is plain that the intention of the parties, gathered from the orders of purchase in the light

of the circumstances in which they were given, was that each order constituted a separate and distinct purchase of goods.  There was no error in ruling that the orders constituted separate, entire and distinct contracts, or in giving the sellers' eighteenth request to this effect.  *Turner* v. *Rogers*, 121 Mass. 12.  *Barlow Manuf. Co.* v. *Stone*, 200 Mass. 158.  *Hanson & Parker, Ltd.* v. *Wittenberg*, 205 Mass. 319.  *Bresky* v. *Rosenberg*, 256 Mass. 66.  *Smith* v. *Denholm & McKay Co.* 288 Mass. 234.  *Bianchi Bros. Inc.* v. *Gendron*, 292 Mass. 438.

The judge found that no evidence was introduced tending to show whether the paper held by the sellers under order 2022 had abrasive qualities of reasonable uniformity.  The facts that both lots of paper were produced by the same manufacturer, that they bore the same grade numbers, and that goods of the same numbers delivered under a previous order were not of reasonable uniformity in abrasive qualities, were not evidence that goods included in the second order lacked such uniformity.  It may be that the fact that no evidence was introduced as to whether the paper included in order 2022 complied with the implied warranty resulted from the specifications filed by the buyer that its refusal to accept the paper was based solely upon the ground that the paper purchased upon the prior order was not of the same quality as paper previously supplied and that such paper had damaged the buyer's leather.  These specifications made no mention that the paper included in order 2022 did not comply with the implied warranty.  The language of a pleading should set forth with reasonable clarity its essential nature, so that one may understand whether it sets forth a cause of action or a defence.  It is not enough that, reading between the lines, there may be found lurking, more by suggestion, hint or implication than by a direct, plain and categorical allegation, some semblance of a cause of action or a defence.  *Lewis* v. *Russell*, 304 Mass. 41, and cases cited.  The parties are commonly held to be bound by their specifications.  The buyer was precluded from raising this point.  *Commonwealth* v. *Giles*, 1 Gray, 466, 469.  *Corsick* v. *Boston Elevated Railway*, 218 Mass.

144. *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327. *Commonwealth* v. *Albert, ante*, 239.

But if we assume in favor of the buyer that it was asserting in the specifications that it did not accept the paper because from previous experience it was justified in believing that this lot too did not correspond with the implied warranty, yet there was no error in finding for the sellers in the absence of evidence showing that the goods sold did not comply with this warranty. In the first place, a breach of warranty by a seller in one transaction is not alone sufficient ground for the buyer to rescind a second sale which is independent and separate from the first sale. *Turner* v. *Rogers*, 121 Mass. 12. *Hanson & Parker, Ltd.* v. *Wittenberg*, 205 Mass. 319. *Bresky* v. *Rosenberg*, 256 Mass. 66. *Atlantic Building Supply Co.* v. *Vulcanite Portland Cement Co.* 203 N. Y. 133. *Lace Selling Co.* v. *Shapiro*, 249 N. Y. 68. *Hambleton* v. *U. Aja Granite Co.* 95 Vt. 295. Cases giving the right of rescission on account of the failure to deliver or pay for instalments when due, or where the goods comprising an instalment do not comply with the contract, are not applicable. A breach of a single contract might justify the other party in refusing further to perform. *Dudley* v. *Wye*, 230 Mass. 350. *Agoos Kid Co. Inc.* v. *Blumenthal Import Corp.* 282 Mass. 1. That is not the situation here. In the next place, the sellers could recover the price upon an account annexed for goods bargained and sold, if, as the judge found, the title had passed and nothing remained to be done except the payment of the price. *Morse* v. *Sherman*, 106 Mass. 430. *Frazier* v. *Simmons*, 139 Mass. 531. *Mitchell* v. *Le Clair*, 165 Mass. 308. *Dalton* v. *American Ammonia Co.* 236 Mass. 105. *Flesher* v. *Handler*, 303 Mass. 482.

The buyer, who had set up breach of warranty in its answer in the action brought by the sellers, also brought a cross action to recover damages for injury to its leather and for the expense incurred by reason of the fact that, having refused to accept the goods covered by order 2022 because of the defective goods furnished under order 3062, it was required to pay more for paper than the price it would

have paid if it had accepted the paper under the second order. At the trial, the buyer elected to rely on the cross action rather than upon "its answer in recoupment" filed in the first action. In these circumstances, the burden was upon the buyer to show that there was a breach of warranty, and the damages arising therefrom, so as to be entitled to credit in this amount upon the purchase price. *Dorr* v. *Fisher*, 1 Cush. 271. *Lothrop* v. *Otis*, 7 Allen, 435. *Star Glass Co.* v. *Morey*, 108 Mass. 570. *Noble* v. *Fagnant*, 162 Mass. 275. *Cox* v. *Wiley*, 183 Mass. 410. *John Service Inc.* v. *Goodnow-Pearson Co.* 242 Mass. 594. *Babcock Coal Co.* v. *Boston*, 303 Mass. 518. *George A. Ohl & Co.* v. *A. L. Smith Iron Works*, 66 Fed. (2d) 93.

There was no error in granting the sellers' nineteenth request that the buyer, not having examined any of the paper to be shipped under order 2022, was not justified in refusing to accept the paper on the assumption that it was defective; and in denying the buyer's request 9(b) that, because some of the paper shipped under order 3062 did not correspond with the order, the buyer was justified in refusing to accept delivery under order 2022. This last request could not be given for the further reason that it contained a reference to a particular warranty which the judge found had not been made. *Farina* v. *Vitti*, 282 Mass. 532, 539. *Freeman* v. *Crowell & Thurlow, Inc.* 296 Mass. 514, 518. *Gibbons* v. *Denoncourt*, 297 Mass. 448, 453.

The judge found that the buyer discovered in the spring of 1936 that the sandpaper furnished under order 3062 was scratching its leather because the cutting surface of the paper was not reasonably uniform, and that the notice given to the sellers in October, 1936, did not assert any violation of the legal rights of the buyer. These findings embraced the matters covered in the thirteenth and eighteenth requests for rulings made by the sellers in the cross action.[1] We discover no error in the finding or in granting

---

[1] These requests for rulings were as follows: "13. Unless the plaintiff notified the defendants within a reasonable time after it knew or should have known of the alleged breach of warranty, and unless said notice referred to the particular sale or order claimed to be defective, fairly advised the sellers of the nature of the defects and asserted a violation of its legal rights, the

these requests.  These findings were in part apparently based upon a conversation between the buyer's superintendent and one of the sellers in October, 1936, in which the superintendent said that "we had a lot of trouble with your paper, and I have just got stuff that has come back from scratching again, and our buffers are getting sick; they don't want to buff with 5/0 and 6/0." The notice was not given within a reasonable time. *Trimount Lumber Co.* v. *Murdough*, 229 Mass. 254. *Lincoln* v. *Croll*, 248 Mass. 232. *Putnam* v. *Great Atlantic & Pacific Tea Co.* 304 Mass. 364. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437. The judge was also right in finding that the buyer did not assert any claim for which damages would be sought. *Nashua River Paper Co.* v. *Lindsay*, 249 Mass. 365. *Country Club Soda Co. Inc.* v. *Arbuckle*, 279 Mass. 121. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163. *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195.

The remaining exception to the denial of a request of the buyer made in each case, for a ruling that it was entitled to prevail, calls for no discussion in view of what has already been said.

*Exceptions overruled.*

plaintiff is not entitled to recover." "18. If the court finds that the scratching of the paper took place in the spring and summer of 1936, and the defendants were not notified thereof until the latter part of October, 1936, such notice was not given within a reasonable time and the plaintiff is not entitled to recover." — REPORTER.